### No, 2,597

THE PEOPLE OF THE STATE OF CALIFORNIA, *ex rel.* G. W. B. McDONALD, PETITIONER, *v.* THOMAS H. BUSH, (County Judge of San Diego County), *et al.*, RESPONDENT.

CERTIORARI—The writ of certiorari can only issue to an inferior officer or tribunal exercising judicial functions, and the proceedings or act to be reviewed must be judicial in its character.

JUDICIAL ACT.—The performance of a ministerial act by a judicial officer, does not constitute the act itself a judicial proceeding.

IDEM.—MINISTERIAL ACT.—CERTIORARI.—The appointment of a member of the Board of Supervisors by a County Judge, is a ministerial and not a judicial act, and is not subject to review by certiorari.

The facts are stated in the opinion.

*Jo Hamilton,* Attorney-General, *Chalmers Scott* and *Chase & Jones,* for Petitioner.

*W. Jeff Gatewood,* for Respondent.

RHODES, C. J., delivered the opinion of the Court, CROCKETT, J., and TEMPLE, J., concurring:

It appears that proceedings were instituted in the District Court for Los Angeles County, against three of the

Supervisors of San Diego County, for the purpose of removing them from office, under the provisions of the Act of March 14, 1853. (Stats. 1853, p. 40. and Hit. Dig., Section 4,778.) The second section of the Act is as follows: "If any person now holding, or who shall hereafter hold, any office in this State, who shall refuse or neglect to perform any official act, in manner and form as now prescribed, or as may hereafter be prescribed by law, shall in like manner be deprived of office." The District Court rendered judgment removing the Supervisors from office; and notice of the judgment having been served on the County Judge of San Diego County, he made an order appointing three persons to fill the vacancies in office occasioned by the judgment. He did not act by virtue of any authority conferred on him by the Act above mentioned, for that Act confers the power of appointment, in case of such removal from office, upon the Governor; but he claims to have acted under the provisions of Section 45 of the Revenue Act of 1857. The relator states the election and qualification of himself and the other Supervisors who were removed from office, and the order of the County Judge appointing the persons therein named, in the place of those who were removed from office; and alleges that those persons have respectively taken upon themselves the duties of the office of Supervisor, etc., and prays that "the interests of the people of California may be protected herein; that a writ of certiorari and mandamus may issue;" that the proceedings of the County Judge may be reviewed and declared void, and that the appointees may be ordered to desist from all further proceedings as Supervisors. A writ of certiorari was issued to the County Judge, and the County Clerk has returned the order appointing the persons therein named as Supervisors, in place of those who were removed by the District Court for Los Angeles County, but does not certify that the order is a full and complete transcript of the record in his office, in the matter of the appointment of such persons as Supervisors.

However desirable it may be that the action of the County Judge should be reviewed, and that the question of

his authority in the matter should be determined, there are several valid objections to the proceedings in this case, which will preclude the examination of that question. Only one objection will be noticed. The officer or tribunal to whom the writ of certiorari is issued, must be an inferior officer or tribunal, exercising judicial functions, and the proceeding to be brought up for review must be a judicial proceeding. The appointment of the Supervisors is, in its nature, a ministerial and not a judicial act. Its nature is not dependent on the quality or character of other acts which may be performed by the officer, who makes the appointment. The writ does not extend to a mere ministerial act or proceeding, though performed by a judicial officer. A judicial officer may be required by law to discharge other than judicial duties. He may, by authority of law, perform ministerial acts *(People* v. *Pvovines,* 34 Cal. 520), but when performed, they do not become judicial acts, because they were performed by a judicial officer. This becomes apparent on a moment's consideration. A County Judge is authorized among other things to take the acknowledgment of a deed, and to solemnize a marriage. No one will contend, that in performing those acts he exercises judicial functions. If the writ in this case can be maintained, on the ground that the order sought to be reviewed was made by a County Judge, then upon the same ground this Court may, upon the writ of certiorari, cancel an acknowledgment of a deed, or annul a marriage.

Writ-dismissed.

Sprague, J., and Wallace, J., expressed no opinion.