[No. 3,986.]

## THE PEOPLE EX. REL. BRUNDAGE v. SUPERVISORS OF KERN COUNTY.

WRIT OF PROHIBITION.—A writ of prohibition will not issue to arrest the proceedings of a Board of Supervisors, unless the proceedings themselves are absolutely without or in excess of the jurisdiction of the Board.

PETITION for a writ of prohibition to the Board of Supervisors of Kern County, prohibiting them from levying a special tax to pay a debt contracted by the purchase of a toll road. The defendants filed a general demurrer to the petition. The other facts are stated in the opinion.

*John L. Love*, Attorney-General, *B. Brundage* and *C. G. W. French*, for the Relator.

*Catlin & McFarland*, for Respondents.

By the COURT:

The act of March 30th, 1872 (Acts 1871–2, p. 708) authorizes the Board of Supervisors of Kern County, "in their discretion, to purchase the road in said county known as the McFarland Toll road."

The purchase has been made by the Board at the price of six thousand dollars. It is alleged in the petition for a writ of prohibition, that the road was out of repair when the purchase was made, and was of no value to its owners, and would soon have been abandoned to the county if the purchase had not been made, and that, if its value had been estimated by disinterested persons, it would have appeared to be of no value whatever.

While it would appear in view of these facts, if such they be, that the purchase was injudicious in a business point of view, it must be remembered that we are not authorized to interfere or arrest the proceedings of the Board by the writ of prohibition for any such reason, nor unless the proceedings themselves are absolutely "without or in excess

of the jurisdiction of the Board" (Sec. 1,102 Code Civ. Pro.); and in view of the exceedingly broad language of the act of March 30th, already referred to, no lack of mere jurisdiction in the Board is shown on the face of the petition.

The demurrer is sustained and the writ dismissed.