[No. 3,852.]

# P. S. WILCOX *v.* THE CITY OF OAKLAND.

CONDEMNATION OF LAND FOR A STREET. — Commissioners appointed to assess damages and benefits, in a proceeding to condemn land for a public highway, have no jurisdiction to investigate the question of title, by taking testimony and adjudicating whether the public had not previously acquired a right of way over the land for a road.

WRIT OF CERTIORARI.---The County Court has no jurisdiction to issue the writ of certiorari, except in aid of its appellate jurisdiction.

ON the 27th day of May, 1872, a petition was presented to the council of Oakland, asking for a street eighty feet wide, to be laid out from Broadway to Alice street. The Council appointed three commissioners to assess the damages and benefits, and to report their action. The proceedings were had under the Act of January 31, 1870 (Laws 1870–'71, p. 38). The Commissioners proceeded to take testimony, and in doing so, tried the issue, as to whether the persons in possession of the land had any title to it, and whether it had not previously been dedicated as a public street. The Commissioners reported nominal damages, and the Council proceeded to open the street. The petitioner Wilcox obtained a writ of *certiorari* from the County Court, (the testimony taken before the Commissioners was a part of the return,) and that tribunal refused to disturb the proceedings. From the judgment of the County Court Wilcox appealed.

*D. P. Barstow* and *S. F. Gilcrest,* for the Appellant.

The Commissioners, in trying the title to claimant's land, exceeded their jurisdiction. Their powers were limited to finding the value of the land to be taken, and the amount to be assessed therefor on the remaining land. (*Sacramento Valley R. R. Co.* v. *Moffatt,* 7 Cal. 577.) In *Spring Valley Water Works* v. *San Francisco* (22 Cal. 433), this Court says: "The Commissioners are selected, not for their supposed judicial abilities, but for their good judgment in estimat-

ing the value of property, and their disinterestedness.   It is
no part of their duties to hear evidence and determine the
right, title and interest of each claimant of the several
tracts of land, whether such claims are conflicting or not.
The Court or Judge before whom the proceedings are con-
ducted, and not the Commissioners, is the proper tribunal
to determine such questions."

The same question, also, arose in *S. F. & S. J. R. R. Co.*
v. *Mahoney* (29 Cal. 118), and the Court held that the Com-
missioners had no power to pass in any manner upon the
question of title.   A similar view is taken in *Curran* v.
*Shattuck* (24 Cal. 433), where it is said, "neither the Board
nor the viewers are competent to pass upon the question of
title."   The same rule prevails in New York.   (See Angell
on Highways, Secs. 164; 19 Wendell, 688.)

*H. H. Havens* and *W. W. Crane, Jr.*, for Respondent.

In this proceeding the Court can only inquire whether
or not the Commissioners or City Council exceeded their
jurisdiction.   Error in admitting or excluding evidence, or
whether the reasons given in reaching a conclusion are good
or bad, cannot here be examined into.   (*Will* v. *Sinkwitz*, 39
Cal. 570.)

It is conceded that all the proceedings up to the recep-
tion of testimony by the Commissioners are regular.   The
City Council and the Commissioners had jurisdiction of
the general subject-matter of the opening of Fourteenth
street, and also over the parties appellant.   The Commis-
sioners were required by the Act (section 4, paragraph 39),
to "make a report to the said Council of the assessments
and awards so made by them, with the names and amounts
of the persons damaged or benefited as aforesaid."   This
they did; (Trans., folio 166,) but the statute did not re-
quire them to return the notes of the testimony taken, the
deeds read, and the preliminary opinion given by them, and
these should be treated as surplusage, and disregarded.

By the Court, RHODES, J.:

The County Court issued a writ of *certiorari* to the Coun-

cil of the City of Oakland to bring up the proceedings in the matter of the opening of Fourteenth street; and upon the hearing of the cause the County Court dismissed the writ on the ground that the Council and the Commissioners appointed by the Council did not exceed their authority in determining whether the public had acquired the right of way over the land upon which the proposed street is to be laid out.   Although it is very apparent to us that the determination of that issue necessarily involved a question of title, and that therefore the Commissioners had no jurisdiction of it, yet this Court cannot, through the medium of an appeal from the judgment of the County Court, entertain and determine the question whether the Commissioners exceeded their jurisdiction, because that Court has no authority to issue the writ of *certiorari*, except in aid of its appellate jurisdiction.   In *People ex rel. Brudage* v. *Supervisors of Kern County* (47 Cal. 81), it was held that the Act conferring power upon County Courts to issue writs of *mandamus* was not warranted by the Constitution.   In *Faut* v. *Mason* (47 Cal. 7), which was an appeal from the judgment of a County Court, on *certiorari* to a Justice of the Peace, it was said: "It may be doubtful whether County Courts have power, under the Constitution to grant writs of *certiorari*," but the writ was disposed of on other grounds.   The argument in support of the position, that the County Courts have no constitutional power to issue writs of *mandamus*, is applicable to the question of the power of those Courts to issue writs of *certiorari;* and we are satisfied that their power in the latter respect is limited to cases in aid of their appellate jurisdiction.   The writ should have been dismissed on that ground.

Judgment affirmed.   Remittitur forthwith.

Neither Mr. Chief Justice WALLACE nor Mr. Justice NILES expressed an opinion.