[No. 5634.]

THE SPRING VALLEY WATER WORKS *v.* A. J. BRYANT, MAYOR AND EX-OFFICIO PRESIDENT OF THE BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF SAN FRANCISCO, AND OTHERS, CONSTITUTING THE BOARD OF SUPERVISORS OF SAID CITY AND COUNTY.

CERTIORARI.—The writ of *certiorari* does not lie to review the action of the Board of Supervisors when their action is legislative in its character, and consists of the passage of an ordinance or resolution.

Office of the Writ.—The office of *certiorari* as to governmental boards exercising mixed authority, is to review only such proceedings as are judicial in their nature.

Water Franchise to be Exercised under General Laws.—The power to charge tolls or rates for water is a franchise conferred on corporations formed under general laws for the formation of water companies, and can be exercised by a corporation only in the manner provided for in those laws.

Statute Unconstitutional.—The "Act to establish water rates in the City and County of San Francisco" (Statutes 1875-6, p. 82) is unconstitutional in so far as it attempts to provide a mode of fixing rates to be charged by corporations furnishing water to the inhabitants of San Francisco, differing from that provided for establishing rates to be allowed to other corporations formed under the General Laws.

Acts of Legislative Body not Judicial.—The passage of a certain preamble and resolution by the Board of Supervisors held not to be the exercise of the judicial function: it was an attempt to *make law*, not to render a judgment under the existing law.

Appeal from the District Court of the Fifteenth Judicial District, City and County of San Francisco. The facts are fully stated in the opinion of the Court.

*W. C. Burnett* and *John F. Swift*, for Appellant.

*Charles N. Fox, J. P. Hoge,* and *B. S. Brooks*, for Respondent.

By the Court, McKinstry, J.:

The plaintiff filed its petition in the District Court praying that a "writ of review" issue to defendants, the Board of Supervisors, commanding them to certify for review a certain preamble and resolution, and an order passed by the Board; that a day be fixed for the hearing, and that on such hearing it be declared and adjudged that in passing said preamble, resolution, and order, the said Board acted without authority of law, and in excess of its jurisdiction, and that said preamble, resolution, and order were *void*.

The defendants filed an answer to the petition, and, after hearing the parties, it was by the District Court "ordered, adjudged, and decreed" that the action of the Board in passing, and of the Mayor in signing the resolution and order, was in excess of the jurisdiction of the Supervisors and Mayor, and without authority of law, "and in violation of the rights of

petitioner, and it was further adjudged and decreed that the said resolution and order be vacated and set aside."

From this judgment the defendants have appealed.

The preamble and resolution referred to are as follows:

"WHEREAS, The Spring Valley Water Works have arbitrarily stopped the supply of water heretofore used for the improvement of the public squares, while the question of the right of the city and county to the free use of water for municipal purposes is still in abeyance; therefore;

"*Resolved*, That the Mayor of this city and county be and he is hereby authorized and empowered to have connections made with the pipes and mains of the Spring Valley Water Works, wherever water is required for municipal purposes, and, if necessary, to have said connections, so made, protected from all interference, until a final determination of the respective rights of the city and county and said corporation."

And the order or ordinance vacated and annulled by the judgment of the Court below is of the words and figures following, to wit:

"ORDER No. 1357.—An order to prescribe rules and regulations for the delivery of water due to the city and county in case of fire or other great necessity.

"The people of the City and County of San Francisco do ordain as follows:

"Sec. 1. A sufficient supply of pure, fresh water, for the following purposes, is hereby ordained and declared to be greatly and indispensably necessary, at all times, to the City and County of San Francisco, that is to say, water in sufficient quantities for the use of the hospitals and almshouses, the House of Correction, the jails, prisons and industrial schools, the public schools, the engine-houses and Fire Department, for fires and for the use of the firemen, the horses and engines, all public buildings, courts and offices, the plazas, parks, and public gardens and grounds, and any other case of fire or other great necessity within the meaning of sec. 549 of the Civil Code of the State.

" Sec. 2.   It shall be the duty of the Mayor to cause and procure all necessary connections to be made with the pipes and mains of any and all corporations heretofore or hereafter formed for the purpose of furnishing or supplying pure, fresh water to the City and County of San Francisco, or the inhabitants thereof, and engaged in said business, in order to carry out the provisions of this act.   And he may, when necessary, call upon the police force to aid in making or maintaining said connections with said pipes and mains.

" Sec. 3.   Any person who shall willfully obstruct, or who shall cause others to obstruct, the Mayor or any other person in carrying out the provisions of this order, or who shall cut off, or attempt to cut off, the water necessary to any of the buildings or purposes herein provided for, or cause others to do so, shall be deemed guilty of a misdemeanor, and on conviction be punished accordingly."

Sec. 1028 of the Code of Civil Procedure provides : "A writ of review may be granted by any Court except a Police or Justice's Court, when an inferior tribunal, board, or officer, *exercising judicial functions*, has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the Court, any plain, speedy, and adequate remedy."

In most of the cases considered in this Court the writ was issued by this, or a District or County Court to an inferior Court or Judge.   (49 Cal. 29; 2 Ibid. 263; 5 Ibid. 476; 1 Ibid. 187; 7 Ibid. 113; 19 Ibid. 78; 21 Ibid. 168; 22 Ibid. 465; 23 Ibid. 402; 47 Ibid. 605; 45 Ibid. 245; 39 Ibid. 570; 30 Ibid. 98; 35 Ibid. 269.)

In *People* v. *Hester,* 6 Cal. 649, it was said that as the Supervisors of a county were not " judicial officers or charged with the exercise of judicial duties, it results that the writ of *certiorari* cannot properly be directed to them."   But, as was remarked by Murray, C. J., in *People* v. *El Dorado County*, 8 Cal. 61, the decision in *People* v. *Hester* proceeded on the ground that the third article of the Constitution of this State had so distributed the powers of Government as to forbid those charged with duties belonging to one from exercising functions apper-

taining to another department; and the error in the case consisted in overlooking the fifth section of the ninth article of the Constitution, which provides that the "Legislature shall have power to provide for the election of a Board of Supervisors in each county, and these Supervisors shall jointly and individually perform *such duties as may be prescribed by law*," which section is a limitation on the third article. Accordingly it was held in *People* v. *El Dorado County* that the Legislature could impose upon the Supervisors of counties duties in their nature *judicial*, and when in. the discharge of such duties they exceeded their jurisdiction, their action could be revised and amended by *certiorari*. The opinion .expressed in *People* v. *Hester*, that the writ only ran to boards or officers vested with judicial power, was not disavowed in *People* v. *El Dorado County*, but was, on the contrary, reiterated. To authorize the writ, the inferior board or officer must have entered a judgment beyond the jurisdiction conferred by law; in other words, must have.exercised judicial power not conferred. If an executive duty shall be imposed by law on an officer whose general functions are judicial, and if, under color of the law, he shall proceed to perform an act, executive in its character, but not authorized by the law imposing the duty, his action may not be vacated by *certiorari*. Thus, in *People* v. *Bush*, 40 Cal. 344, it was held that the appointment of a Supervisor by a County Judge (a power which that officer claimed under sec. 45 of the Revenue Act of 1857) was a ministerial and not a judicial act, and was, therefore, not subject to review by *certiorari*. The principle to be deduced from that decision is, that where the law confers upon the same officer duties executive and judicial, and he has exceeded his authority by performing an act which, if it had been authorized, would have been executive, *certiorari* is not an appropriate remedy. The impropriety of interfering by this writ with the action of a board, clothed by law with certain duties legislative in their character, whenever they shall have passed an ordinance, which they have no authority to pass, and which is therefore invalid, is perhaps still more apparent.

If it be assumed that an act is judicial because the effect of it may be to deprive a citizen of his property or other right,

there is no limit to the cases in which the writ may be resorted to; and the definition given by the Code, so far as it confines its issuance to tribunals, boards, or officers exercising "judicial functions," has no meaning.

In *People ex rel. De Fries* v. *Supervisors of Marin County*, 10 Cal. 345, Mr. Justice Field said: "The statute provides that the writ of *certiorari* 'shall be granted in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction,' etc.; and the *first question presented* is, whether the Board of Supervisors, in requiring a new bond of the relator, and in declaring his office vacant upon his failure to comply with the requisition, exercised any 'judicial functions.' "

In *People* v. *The Board of Delegates*, 14 Cal. 479, it was held that the decision of the Board of Delegates of the San Francisco Fire Department, in a case of a contested election for Chief Engineer, was a *judicial* decision, and subject to review by the Courts on *certiorari*. Throughout the opinion rendered in that case, it is made apparent that the resort to the writ was sustained only on the ground that, in the trial and judgment of the contested election, the Board of Delegates were exercising judicial functions. All public boards, like Supervisors, burdened with composite duty, are subject to the writ of review as to their acts partaking of a judicial character. (*Hastings* v. *San Francisco*, 18 Cal. 58.)

In *Miller* v. *Board of Supervisors*, 25 Cal. 93, it was assumed that the propriety of issuing the writ depended upon the circumstance whether, in the action sought to be reviewed, the Board had employed judicial functions. This also was assumed in *Barber* v. *San Francisco*, 42 Cal. 630. It has been said: "The writ of *certiorari* lies only in those cases in which, in the exercise of judicial functions, an excess of jurisdiction has occurred." (*Bennett* v. *Wallace*, 43 Cal. 26. And to the same effect, *C. P. R. R. Co.* v. *Placer*, Ibid. 365.)

From the foregoing and other cases heretofore decided, it sufficiently appears that it has always been considered by this Court that the office of *certiorari* is to bring here for review the proceedings of governmental boards exercising a mixed author-

ity only when the matter is one in which they have acted judicially.

The resolution and ordinance sought to be annulled were attempts to make law, not to render a judgment under existing law. They may be obnoxious to the criticism that they were attempts to deprive the corporation of its rights and property *without due process of law*, and violative of constitutional principles; but neither this, nor the circumstance that they were not authorized by the City Charter to pass them, can justify a review of the action of the Board and Mayor by *certiorari*.

Nor is the action of the Board of Supervisors made judicial by reason of the preamble to the resolution, or by the first section of the ordinance. If the Board had had power to pass the resolution and the other sections of the order, the resolution and other sections of the order would have derived no additional support from the preamble and first section, and would have been equally effective without them. The substantive action of the Board, which the writ seeks to review, consists of the order or direction to the Mayor, and the attempted creation of a misdemeanor. There is nothing of a judicial character in these, and they are not made judicial by the assertion of a right on the part of the city in the preamble and first section of the order.

By our statute the resort to the writ is confined to the cases in which the inferior Court, board, or officer has " exceeded his jurisdiction," but, with this difference, the following remarks of the learned author of the treatise " On Appellate Proceedings " are applicable to the law of this State :

" The object of the writ of *certiorari* is to enable the superior and appellate Courts to review the judicial proceedings of the inferior, or, when the proceedings are summary, or not in accordance with the common-law proceedings, and with a view to keep even and uniform the administration of justice in cases of error. But it is often difficult to distinguish between those cases in the inferior tribunals when a *certiorari* will lie or will not. In the first place it must be a case where the decision or determination was a judicial proceeding to be reviewed in the nature of a writ of error. It will not lie, therefore, upon a mere

ministerial act, or where the act of a Mayor was so extra-judicial as to be illegal and void, or when a Justice of an inferior Court is *acting in a prudential capacity* for the county, and not as a judicial Court, or on the order of a Board of Health, judging a certain business to be a nuisance, which would be either a legislative or ministerial act, and not judicial." (Powell, 350.) Still the writ will undoubtedly issue to boards which also possess legislative or ministerial powers, in cases where the particular action sought to be reviewed is judicial.

In *People* v. *Board of Health,* etc., (33 Barb. 344) Ingraham, J., for the Supreme Court, said: "The office of the writ is to correct errors of a judicial, and not of a ministerial or legislative character. The resolution complained of in this case is of the latter description. I cannot adopt the conclusion that it is in any sense proper to review the legislation of any body having authority to legislate, even where, in the course of such legislation, they might exceed the powers vested in them. I concur in the views expressed by Judge Bronson, in *The People* v. *Mayor,* 2 Hill, 9, and by Judge Cowan, in 2 Hill, 14, in the matter of Mount Morris Square, that this writ is not to be used to correct such errors." It was held by the Supreme Court in the Seventh District of New York, that a resolution of a town meeting providing for raising money to pay bounties to volunteers could not be affirmed or set aside by *certiorari,* as being legislative, and not judicial action. (*People* v. *Board of Supervisors of Livingston and Others,* 43 Barb. 234.)

My conclusion is, that the action of the Board of Supervisors, in passing the resolution and order, not being or purporting to be judicial in its character, could not be reviewed by the District Court on *certiorari.* That the affixing by the Mayor of his approval of the order was not the exercise of a judicial function, is at least equally plain.

If the resolution and order are such as the Board had no power to pass, the plaintiff may resort to such appropriate means of redress, by direct action, as will afford relief to the extent of the damages sustained, and perhaps prevent the continuance of any threatened wrong.

Even if it should be admitted that the power existed in any

of our Courts to review the legislation of the Supervisors of the city and county, whenever they may legislate with respect to a subject beyond their control, I can hardly conceive of a case in which the power should be exercised. The ordinary remedies afforded by Courts of Law and Equity would seem to afford a sufficient protection against such attempted legislation, and the *writ of certiorari* does not issue to such inferior boards as exercise special jurisdiction created by statute *ex debito justitiæ*, but only on application and cause shown. "The reason is, that these bodies exercise powers in which the people at large are concerned, and great public detriment or inconvenience might result, from interfering with their proceedings." (*People* v. *Supervisors*, 15 Wend. 206, cited with approval by WALLACE, C. J., in *Keys* v. *Marin County*, 42 Cal. 255.) And, as was said by Bronson, J., in *People* v. *The Mayor*, 2 Hill, 12: "The allowance of the writ rests in the sound discretion of the Court, and it has often been denied, where the power to issue it was unquestionable, and where there was an apparent error in the proceedings to be reviewed." (See, also, 15 Wend. 198; 5 Barb. 43; 23 Wend. 277; 25 Ibid. 157.)

Assuming, therefore, that the power exists to review the resolution and order by means of the writ, I think the Courts would best exercise their sound discretion by refusing to employ the power.

Enough has been said to dispose of the present case, but inasmuch as of the many other questions earnestly discussed, and the determination of which was urgently pressed by counsel, there is *one* which seems especially to demand a prompt decision, I proceed as follows:

Whatever else was or was not decided in *The City and County of San Francisco* v. *The Spring Valley Water Works*, 48 Cal. 493, that case determines that corporations in this State, except for municipal purposes, must be formed under general laws, and can exercise no powers except such as are conferred by such general laws. The power to charge tolls or rates for water is a *franchise* conferred on corporations formed under the general laws for the formation of water companies, and can be exercised only in the manner provided for in those laws. In

this view, the act "to establish water rates in the City and County of San Francisco," (Stats. 1875–76, p. 82) and the act amendatory of and supplementary thereto, (Ibid. 760) so far as they attempt to provide a mode of fixing the rates to be charged by companies furnishing water to the inhabitants of San Francisco, differing from that provided for establishing the rates to be allowed to other companies formed under the general laws, are unconstitutional and void.

No suggestion was made on the argument that the General Law of 1858, " An Act for the incorporation of Water Companies," (Statutes 1858, p. 218) has been materially amended or changed, in the particular above referred to, by the Codes or by other statutes. The fourth section of that act provides: " The rates to be charged for water shall be determined by a Board of Commissioners, to be selected as follows: two by said city and county or city or town authorities, and two by the water company; and in case that the four cannot agree to the valuation, then, in that case, the four shall choose a fifth person, and he shall become a member of said Board; if the four Commissioners cannot agree upon a fifth, then the Sheriff of the county shall appoint such fifth person."

Whether the last clause of the above quotation has been changed by substituting " County Judge " for " Sheriff of the County," (Civil Code, sec. 549) may depend on the construction to be given to sec. 288 of the Civil Code; but whether the General Law of 1858 has been changed in this or other respects is a question which it is not necessary to decide, and which it may not be proper to decide, inasmuch as we have not received the assistance of counsel in ascertaining the present condition of the general law relating to the formation and management of water corporations.

It is sufficient to say that the rates to be charged must be determined by reference to the provisions of the general law with respect to that class of corporations.

The importance to the Spring Valley Water Works Company, to the city and county, and to the citizens at large, that immediate steps should be taken towards fixing the rates to be charged for water *in the mode and manner required by the general law*, cannot be over estimated.

The language of the Constitution is plain and simple : " Corporations may be formed under general laws, but shall not be created by special act, except for municipal purposes.  All general laws and special acts passed pursuant to this section may be altered from time to time, or repealed."   (Sec. 31, art. 4.)

If experience shall prove that the mode provided by the general law for the appointment of Commissioners to fix, or for otherwise fixing, the rates to be charged for water, is objectionable, the Legislature may adopt another method by " altering " the general law.

Judgment reversed.

Mr. Chief Justice WALLACE, having been of counsel for the City and County of San Francisco in the litigation between it and. the water company, declined to express an opinion in this case.