[No. 5519.]

## THE CITY AND COUNTY OF SAN FRANCISCO *v.* THE SPRING VALLEY WATER WORKS.

UNCONSTITUTIONAL LEGISLATION—FIXING WATER RATES IN SAN FRANCISCO.—
   The Act of March 1st, 1876, "to establish water rates in the City and County
   of San Francisco," and the supplemental Act of April 3rd, 1876, are unconsti-
   tutional and void, in so far as they attempt to provide a mode of fixing
   rates to be charged by corporations in San Francisco, differing from the
   mode provided for other corporations by general laws. (*The Spring Valley
   Water Works* v. *Bryant*, 52 Cal. 132, affirmed.)

PRACTICE ON APPEAL—DICTUM.—A party who asks the Supreme Court to
   pass upon a question will not be permitted afterwards to assert that the
   decision was *dictum*, even though the question was not necessarily involved.

APPEAL from the District Court of the Twelfth Judicial District, San Francisco.

The action was brought pursuant to the provisions of the Act of March 1st, 1876, "to establish water rates in the City and County of San Francisco," (Stats. 1875–6, p. 82) and the Act amendatory thereof and supplementary thereto, approved April 3rd, 1876, (Stats. 1875–6, p. 760) to recover a penalty of five hundred dollars, for the collection of a charge of eight dollars per month from H. M. Heineman, who, under the regulations made in accordance with the acts referred to, was liable to a charge of only five dollars per month. The defendant filed a general demurrer, which was sustained, and the plaintiff appealed.

*W. C. Burnett*, for Appellant.

Legislation in regard to a municipal corporation may be special, and made applicable only to the territory and inhabitants thereof.

By the thirty-first section of art. 4 of the State Constitution it is provided that " corporations may be formed under general laws, but shall not be created by special act, except for municipal purposes. All general laws and special acts passed pursuant to this section may be altered from time to time, or repealed."

In this section we find two powers specially reserved to the Legislature, which may be of importance here :

First—To legislate specially in the creation of municipal corporations ; and

Second—To alter from time to time, or repeal, all general laws and special acts passed pursuant to that section.

The Legislature is prohibited, then, to pass any statute resulting in a supposed contract by way of incorporation laws that shall be incapable of amendment or repeal at the free will of the Legislature itself.

All laws granting power to Boards of Common Council or of Supervisors of cities, or to any Boards of officers or officers of cities, to perform acts relating to the municipal concerns thereof, are acts of incorporation of such cities, and part of the charters thereof.

A municipal corporation is created for the special purposes of its inhabitants, and not, like counties, as a mere political subdivision of the State. Those purposes are esteemed public, as applied to the inhabitants of the locality within which the special municipal laws are made applicable. (Dillon on Municipal Corporations, sec. 10, note 1 ; *Hamilton Co.* v. *Mighels*, 7 Ohio St. 109, 118, 119.)

The primary and fundamental idea of a municipal corporation is, an agency to regulate and administer the internal concerns of a locality in matters peculiar to the place incorporated, and not common to the State or people at large. (Dillon on Municipal Corporations, sec. 9.)

To supply water to the inhabitants of a city is a public purpose. (Dillon on Municipal Corporations, sec. 462, and note 2; sec. 551, and note 2; sec. 772, and note; and sec. 779; and sec. 33, and note 1; *Wayland* v. *Co. Com's.* 4 Gray, 500; *Burden* v. *Stein,* 27 Ala. 104, 105, 106, and 116; *Reddel* v. *Bryan et al.* 14 Md. 444, 477, 478; *Mayor etc. of N. Y.* v. *Bailey,* 2 Denio, 433; *Kane* v. *Baltimore,* 15 Md. 240, Opinion of Le Grand, C. J., 249, 250, and note 1; *Gardner* v. *Newburg,* 2 Johns. Ch. 162, also cited at sec. 526 of Cooley's Con. Lim. note 4; *People* v. *Hurlbut,* 24 Mich. 82, 83.)

The State Legislature cannot, by means of statutes conferring authority upon private corporations generally, or upon a class of private corporations, or upon any private corporation in particular, bargain away or fritter away its constitutional power to legislate specially with regard to any or all of the municipal corporations within the boundaries of the State; and the power to so legislate specially cannot be restricted by means of general incorporation laws applicable to private corporations. (Cooley's Con. Lim. sec. 525.)

At the October Term, 1876, of the Supreme Court of the United States, that Court filed opinions which, we urge, recognize the correctness of the positions taken by us: that the supplying of water to the inhabitants of a city is in the course of a municipal purpose; and that all corporation laws may be amended at the pleasure of the Legislature, with a view to fixing rates at which such supplies may be furnished. (*Munn* v. *Illinois,* 94 U. S. Reps. 113; *Winona & St. Peter Railroad Company* v. *Blake,* 94 U. S. Reps. 180; *Stone* v. *Wisconsin,* Ibid. 181.)

*Chas. N. Fox,* for Respondent, in whose behalf the demurrer had been sustained.

The "Act to establish water rates in the City and County of San Francisco," set out in the complaint as the authority for the passage of the ordinance therein set forth, and the said ordinance, are unconstitutional and void, and disregard of proceedings had under them does not constitute a cause of action. (*San*

*Francisco* v. *Spring Valley Water Works*, 48 Cal. 495 ; *Waterloo Turnpike Company* v. *Cole*, 51 Cal. 381; *Spring Valley Water Works* v. *Bryant*, 52 Cal. 132.)

By the COURT :

The Act of March 1st, 1876, " To Establish Water Rates in the City and County of San Francisco," and the Act " amendatory of and supplementary " thereto, passed April 3rd, 1876, are unconstitutional and *void*, in so far as they attempt to provide a mode of fixing rates to be charged by companies furnishing water to the inhabitants of San Francisco, differing from that provided for establishing the rates to be allowed to other like companies formed under the general laws relating to such corporations. This precise question was fully considered in *The Spring Valley Water Works* v. *Bryant, Mayor, et als.* 52 Cal. 132. There the point was earnestly urged that the rates to be charged by the present defendant were to be determined in the mode pointed out by the acts above cited ; but this Court expressly held that the manner of fixing the rates which could above be referred to was that provided by the General Law of 1858 and amendments thereto, applicable to all corporations formed under it and them.

The present plaintiff having then, by its counsel, requested this Court to pass upon the validity under the Constitution of the acts mentioned, can hardly now be permitted to assert that the portion of the opinion in that case bearing upon the question is *dictum* ; but if this were permissible, we see no reason to change our view—that the acts are invalid within the reasoning of *San Francisco* v. *Spring Valley Water Works*, 48 Cal. 493.

Judgment affirmed.

WALLACE, C. J., expressed no opinion in this case.