[No. 6,973.]

# PEOPLE EX REL. COCHRAN v. BOARD OF EDUCATION OF OAKLAND.

CERTIORARI.—The writ of *certiorari* lies only to review the action of an inferior tribunal, board, or officer, exercising *judicial* functions. It does not lie to review the action of any tribunal, board, or officer, in the exercise of *legislative* functions.

ID. — TEXT BOOKS — DEFINITION — JUDICIAL ACT — LEGISLATIVE.— The distinction between a *judicial* and a *legislative* act is, that the former determines what the law is, and what the rights of the parties are, with reference to transactions already had, and the latter prescribes what the law shall be in future cases arising under it. *Held,* accordingly, that the action of a Board of Education, in adopting a series of readers for the public schools, in lieu of a series previously in use, was an exercise of *legislative* and not of *judicial* power, and cannot be reviewed on *certiorari.*

ID.—ID.—ID.—ID.—MINISTERIAL ACT.—MCKEE, J., and MYRICK, J., dissenting: Where a duty is imposed by law on an inferior tribunal, board, or officer, in the performance of which it has no discretion, its action in the performance of that duty is *ministerial.* But where the law imposes a duty, in the performance of which a tribunal, board, or officer, can exercise judgment and discretion, and its action results in depriving a tax-payer of any of his rights of person or property, such action is in its nature *quasi*-judicial.

APPEAL from a judgment for the defendant in the Superior Court of Alameda County. CRANE, J.

The facts are stated in the opinion.

*A. L. Hart,* Attorney-General, and *E. H. Rixford,* and *A. A. Cohen,* for Appellants.

*Geo. L. Morgan,* and *John F. Swift,* for Respondents.

The action of the Board of Education in adopting text-books, is ministerial, and not judicial; and therefore this Court will not review it. (*Spring Valley Water Works* v. *Bryant,* 52 Cal. 132.)

In bank, THORNTON, J. :

On the 17th day of January, 1880, the Board of Education of the City of Oakland approved the report of a committee appointed by it in favor of the adoption of the Appleton series of Readers, to be used in the public schools of that city. It

appears from the petition of the relator that during the years 1873, 1874, and 1875, and ever since, the McGuffey series of Readers had been in use in the schools referred to.

On the 20th day of January, 1880, a writ of review on the petition aforesaid, issued from the Superior Court of the County of Alameda to the defendant Board, commanding it to certify to that Court a copy of the order and resolution of the 17th of January, 1880, and all its records, files, and proceedings in reference to the subject-matter of the order and resolution, to wit, to the proposed change of Readers, for review by that Court. On the return to the writ, the cause came on to be heard, and on the 3rd of February the Court rendered a judgment dismissing the writ, and affirming the action of the Board. The cause comes before us on appeal from the judgment.

The view which we take of this cause renders it unnecessary to decide any other than the question, whether a writ of *certiorari* will lie to review the action of the Board of Education in relation to the change of books made by the resolution of the 17th of January.

This writ lies to review the action of an inferior tribunal, board, or officer, exercising judicial functions, when such tribunal, board, or officer, has exceeded its or his jurisdiction, and there is no appeal, nor, in the judgment of the Court, any plain, speedy, and adequate remedy. (Code Civ. Proc. § 1068.)

Did the defendant (Board of Education) exercise judicial functions in its action sought to be reviewed? Was not the action legislative in its character?

"The distinction between a judicial and legislative act is well defined. The one determines what the law is, and what the rights of parties are, with reference to transactions already had ; the other prescribes what the law shall be in future cases arising under it. Wherever an act undertakes to determine a question of right or obligation, or of property, as the foundation upon which it proceeds, such act is to that extent a judicial one, and not the proper exercise of legislative functions." (Per Field, J., in the *Sinking Fund Cases*, 99 U. S. Rep. (S. C.) 761.) The learned Judge then proceeds to illustrate the rule just laid down, by stating two cases, one reported in 3 Scammon, (Ill.) 238, and the other in 10 Yerger, (Tenn.) *Jones* v. *Perry*, 59.

The rule so clearly laid down by the learned Justice we adopt as correct. Testing the proceedings before us by this rule, it is obvious that the defendant, in its action with regard to the books to be used in the public schools of the City of Oakland, was not exercising judicial functions. There was no party before it upon whose rights it was passing with reference to any transaction whatever. Neither the party having a right to control the sale of one series of Readers or the other was before it, prosecuting any right given to it by any law in existence. If present at all, the party was there as any other person had a right to be, urging the policy of adopting the one series of Readers, and the impolicy of adopting the other. The Board acted upon the proposition before it as one of policy or expediency, aiming to adopt that which, in its judgment, would be best for the constituency which it represented. Its action was then political or legislative, and was in no proper sense judicial in its character. It is conceded that the Board exercised its judgment in the action which it took, but this it was called to do in the exercise of its legislative functions. It is apparent that the exercise of judgment is not the criterion by which this proceeding must be viewed to determine its character. To render it the exercise of a judicial function, its judgment must act in a matter which is judicial in the sense above indicated. (*People* v. *Bush*, 40 Cal. 344; *Spring Valley Water Works* v. *Bryant*, 52 Cal. 132; *The People* v. *Mayor*, 2 Hill. 9; *In the Matter of Mt. Morris Square*, 2 Id. 14; *In re Salinas County*, 45 Mo. 52; *People* v. *Livingston*, 43 Barb. 232.)

This writ does not lie under our laws to review the action of any tribunal, board, or officer, in the exercise of functions which are legislative in their character. (See cases cited, *supra.*)

It follows from the foregoing, that the judgment of the Court below affirming the action of the defendant Board must be reversed, and the cause remanded, with directions to dismiss the proceeding.

McKinstry, J., Sharpstein, J., and Ross, J., concurred.

McKEE, J., dissenting:

I dissent. Where a duty is imposed by law on an inferior tribunal, board, or officer, in the performance of which it has no discretion, its action in the performance of that duty is ministerial; but where the law imposes a duty, in the performance of which the tribunal, board, or officer, can exercise judgment and discretion, and its action results in depriving a tax-payer of any of his rights of person or property, such action is, in its nature, *quasi*-judicial.

In the case in hand, the action of the Board of Education of the City of Oakland, of which the petitioner complains, is equivalent to the determination of a question of right and of property against him. Of right, because the petitioner, as a tax-payer of the city, is entitled to exercise the right of having his children educated at the public schools in the course of studies prescribed by the law; and of property, because if the action of the Board in changing the series of text-books used in the schools is in excess of the powers of the Board, he will be deprived of his money to purchase books for the use of his children in the schools, which are wholly unauthorized; and no man can be deprived of his property except according to the law of the land.

In form the action of the Board is not judicial; but as a determination of the rights of the petitioner, it is as effectual as if a judgment had been rendered against him.

From this alleged wrong against his person and property, the petitioner has no appeal or any other adequate remedy; and I think the proceedings of the Board are subject to be reviewed by a writ of *certiorari*, which is issuable by a Court in the exercise of its superintending power over inferior tribunals and officers exercising judicial functions.

*Certiorari*, as a remedy for such wrongs, has not, heretofore, been questioned. (See *People ex rel. Bellmer* v. *Board of Education*, 49 Cal. 684.)

I concur in the dissenting opinion of Mr. Justice McKee.
                                        MYRICK, J.