[No. 8,236.—Department Two.]
March 24, 1882.

## F. F. MYERS *v.* N. HAMILTON ET AL., JUDGES OF THE SUPERIOR COURT ETC.

CERTIORARI—VACANCY IN OFFICE OF SUPERVISORS—APPOINTMENT BY SUPERIOR JUDGE.—Certiorari to review an order of the defendants (under Pol. C. § 4026) appointing a person to fill a vacancy in the office of Supervisor.

*Held:* The order was not an exercise of a judicial function within the meaning of § 1068 C. C. P.

APPLICATION for a writ of certiorari.

*R. A. Redman, J. C. Martin,* and *W. H. & J. R. Glascock,* for Plaintiff.

Judges of the Superior Court are a part of the *judicial department of the State,* and cannot be vested with the exercise of "*mere ministerial power,*" assuming that this is the result of their action here. (Sec. 1, Art. iii, New Const.; *People* v. *Provines,* 34 Cal. 520.) In hearing the petition of Carroll Cook et al.—in ordering Myers to be served—in determining the allegations of the petition to be true, and in passing upon the truth or otherwise of the statements contained in Brown's affidavit, and also upon his qualifications, they acted judicially. (8 Johns. 69; 16 id. 49; *People* v. *Provines,* 34 Cal. 541; *Robinson* v. *Supervisors,* 16 id. 208; C. C. P. § 1067.)

*G. E. Whitney,* for Defendants.

The act complained of is not judicial. ( 4 B. Monroe, 500, *People* v. *Bush,* 40 Cal. 344; *S. V. W. Co.* v. *Bryant,* 52 id. 136; *People* v. *Oakland Board Ed'n,* 54 id. 377.)

The COURT:

The petitioner applies for a writ of review to correct alleged errors of the respondents in declaring a vacancy in the office of Supervisor, and in appointing a person to fill the vacancy.

Even if the appointing power rested with the respondents, the exercise of that power was not the exercise of a judicial function within the meaning of Section 1068, C. C. P. (*People* v. *Bush,* 40 Cal. 344.)

The motion to quash the proceedings is granted.