THE PEOPLE *v.* JOSEPH B. CARR, as Secretary, etc., *et al.,*
Contracting Board, etc.

*Supreme Court, Third Department, General Term, January,* 1884.

1. *Contracting board. Contract.*—There is nothing in section 211 of the
   Code which requires the contract for the publication of the court of
   appeals reports to be made with the lowest bidder. The contracting
   board is required to make a contract on terms the most advantageous
   to the public, regard being had to the proper execution of the work, etc.
2. *Same. Discretion.*—The said section confers upon said board a discre-
   tionary power, in place of which the general term cannot substitute its
   judgment and discretion.
3. *Same. Power.*—The contracting board, in its discretion, can embrace
   other conditions than those named in the law, if, in its opinion, they
   conduce to the public benefit, and can, by notice, indicate that such
   requirements will be made.
4. *Same.*—If the board keeps within the power and authority granted it by
   the statute, the contract is valid; otherwise it is not binding.
5. *Same. Certiorari.*—As the duties of the board are not judicial, but
   purely ministerial, though requiring the exercise of judgment and dis-
   cretion, they cannot be reviewed by a writ of *certiorari.*

BOARDMAN, J.—This *certiorari* was granted for the pur-
pose of reviewing the action of the Secretary of State, the
comptroller and the state reporter as a contracting board in
making a contract for the publication of the reports of the
Court of Appeals, with Weed, Parsons & Co. The contract
was made on the 13th day of December, 1883, for the term
of three years under the provisions of the Code, section 211.

The defendants had jurisdiction of the subject matter of
the determination made by them and now under review.
Some question has been made whether their authority has
been pursued in the mode required by law so as to authorize
their determination, of which notice will be taken hereafter.
No evidence of any kind was produced and no determination

was made upon evidence, and hence no question can arise
over the admission or rejection or weight of evidence.    There
remains, then, under section 2140 of the Code, the one question
to be reviewed, " whether, in making the determination, any
rule of law, affecting the rights of the parties thereto, has
been violated to the prejudice of the relator."    There is no
relator to be prejudiced.    The sole question remains, was
the action of the defendants legal?

There is nothing in the Code, section 211, requiring the
contract to be made with the lowest bidder or to any par-
ticular bidder.    The action of the defendants was not limited
or restrained after the bids were before them.    They are
required to " advertise for, receive and consider proposals for
the publication of the reports."    This the defendants certify
was done.    They were then required to make a contract,
" on terms the most advantageous to the public, regard being
had to the proper execution of the work," etc.    This the
defendants by their return certify they have done.    The
return is conclusive.    People *ex rel.* Sims *v.* Board of Fire
Commissioners, 73 N. Y. 437.

A discretionary power was given by statute to the defend-
ants.    It has been exercised by them in making this contract.
What is the evidence that such discretion has been abused or
that their action was illegal?    Who can review such proceed-
ings, and how can they be reviewed?    If by this court, then
its three justices are called upon to substitute their judg-
ment and their discretion in place of those designated by
law.    The return of the defendants is a complete justification
upon its face of the making of the contract in question and
must be taken as true.

There was no substantial departure in the notice published
by defendants from the requirements of the law.    The con-
tract to be made was for the public benefit.    The defendants
in their discretion could embrace other conditions than those
named in the law, if in their opinion they conduced to the
public benefit, and hence they could by notice indicate that

such requirements would be made.    Little *v.* Banks, 85 N. Y. 258.

The remarks already made indicate quite clearly that the action of the defendants was in no sense judicial, and hence is not reviewable by *certiorari*.    The defendants were the agents of the State to make a contract.    If they have kept within the power and authority granted them by statute, the contract is valid ; otherwise it is not binding.    The duties discharged were purely ministerial, although requiring the exercise of judgment and discretion.    In such cases a *certiorari* will not lie.    People *v.* Walter, 68 N. Y. 411 ; People *ex rel.* Kimball *v.* Supervisors of St. Lawrence County, 25 Hun, 131 ; People *ex rel. v.* Supervisors of Livingstone Co., 43 Barb. 332 ; aff'd in 34 N. Y. 516.

We conclude, first, that there is no evidence of a failure of duty on the part of the defendants in making the contract with Weed, Parsons & Co., and second, that such duty was not judicial but ministerial, and hence cannot be reviewed by this writ.

The writ of *certiorari* should be quashed with $50.00 costs and disbursements.

LEARNED, P. J., and BOCKES, J., concur.