January 7, 1896, the defendant, by an order duly entered on its minutes, employed Torreyson Summerfield, attorneys, to assist the district attorney in certain tax litigation in which the county was interested, and agreed to pay them therefor the sum of $1,000. The relators, as taxpayers of said county, have applied to this court for a writ of certiorari
to annul and set aside that order and agreement, on the ground that the board had no authority to make it.
The first question that arises is upon the respondent's objection that in making the order the board did not exercise judicial functions. That it is only for the exercise of such functions that a writ of certiorari will lie is the plain reading of the statute (Gen. Stats. 3458), and has been so often decided both by this and nearly all other courts that there is now no question concerning it. (Esmeralda County v.Third District Court, 18 Nev. 438; In re Rourke,13 Nev. 253; People v. Board of Education, 54 Cal. 377;People v. Bush, 40 Cal. 345; Spring Valley Co. v.Bryant, 52 Cal. 138; People v. Park Commissioners,97 N. Y. 37; People v. Walter, 68 N. Y. 403; *Page 249 People v. Supervisors, 43 Barb. 234; People v. Carr,
23 N. Y. Supp. 112, and the numerous authorities cited in 4 Ency. Plead. Prac. 74, et seq.)
The only question there ever can be is as to whether the board or other tribunal was, in the given instance, exercising judicial functions, or those that are ministerial, executive or legislative.
In an early day in California, under a constitution and statutes from which ours were, upon this matter, substantially copied, it was held that as the supervisors of a county were not "judicial officers or charged with the exercise of judicial duties, it results that a writ of certiorari cannot properly be directed to them." (People v. Hester,6 Cal. 649.) Subsequently, however, this ruling was modified, it being recognized that the board did sometimes act in a judicial capacity, and it followed that as to such actions the writ was proper. (People v. El Dorado County, 8 Cal. 61.) Which of these capacities they are acting in, depends upon the subject matter of their action.
Theoretically, the distinction between these powers is clearly defined. The legislative branches of the government make laws and ordinances, and establish rules for the future conduct of men; the executive and ministerial, which includes most of the state and county officers, execute the laws; and the judiciary determines rights and controversies arising under them; but in the practical application of these principles, difficulties arise.
The exercise of a judicial function is the doing of something in the nature of the action of a court. In reSaline County Subscription, 45 Mo. 52, in considering this point the court said: "Judicial action is an ajudication upon the rights of the parties who in general appear or are brought before the tribunal by notice or process, and upon whose claims some decision or judgment is rendered."
Courts do not make contracts, and the making of a contract has none of the elements of judicial action. It follows that the making of this contract for the employment of attorneys in a lawsuit, was not an exercise of the judicial functions that are vested in the board, and consequently the writ ofcertiorari cannot be sustained. It must be remembered *Page 250 
in this connection that whether the board had power and authority to make that contract cuts no figure in the present consideration. If it did not, then the contract is invalid and cannot be enforced, but, as already stated, whether its making was the exercise of a judicial function depends upon the nature of the act, and not upon the authority of the board. A board would not have power to enact a law for the punishment of felonies in the county, but if it should do so, while its action would be a nullity, it would not constitute a judicial action, and it could not be set aside by writ of certiorari.
Nor does the fact that the board was called upon to exercise judgment and discretion in the execution of the contract make it a judicial action in the meaning of the statute, for judgment and discretion must be exercised in almost every action in life, by boards as well as others, and the application of this principle would make their action subject to review by this writ, while it is clear that such was not intended to be the case.
In People v. Board of Education, 54 Cal. 377, the board had made a change in the text-books to be used in the schools of Oakland. Upon certiorari to review their action upon the ground that they had no authority to make the change, it was objected that the action was not judicial, and therefore that the writ would not lie. In sustaining this point the court said: "It is conceded that the board exercised its judgment in the action which it took, but this it was called to do in the exercise of its legislative functions. It is apparent that the exercise of judgment is not the criterion by which this proceeding must be viewed to determine its character. To render it the exercise of a judicial function, its judgment must act in a matter which is judicial in the sense above indicated."
In People v. Carr, 23 N. Y. Supp. 112, the court held: "The duties discharged were purely ministerial, although requiring the exercise of judgment and discretion. In such casescertiorari will not lie."
And again in People v. Supervisors, 43 Barb. 237: "To sustain the writ there has been quite a tendency to enlarge the sphere of judicial acts, and to regard almost every kind of *Page 251 
official act requiring or involving the exercise of judgment or discretion as a judicial act. But this, I think, is a mistake. There is scarcely an act of any public officer or body, or of persons clothed with special powers by or under the authority of law, which does not require and involve more or less discretion. It is simply absurd to call all such acts judicial, and apply to them the principles which govern the review of the proceedings of courts and of judicial officers."
So, in the matter of Saline County Subscription,45 Mo. 55, where the point under consideration was whether a subscription to the stock of a railroad made by the county court was a judicial action which could be reviewed by the court, it was said: "And all the cases are inconsistent with the idea that the exercise of a discretionary power, given by law to the county court of Saline county, if it be given to make a subscription to the stock of a railroad, can be in any sense a judicial proceeding. A court has no discretion, but must render judgment according to the facts and the law, while this subscription might have been made or refused. The judges were bound, it is true, to act with good judgment, judiciously; but exercising a sound judgment is by no means synonymous with rendering judgment, and acting judiciously is not always acting judicially."
That the making of a contract by a board of commissioners is not a judicial act is supported by the reasoning or the direct decision of every well-considered case we have been able to find. In People v. Carr, supra, already quoted from, a writ had been sued out for the purpose of reviewing the action of the secretary of state, the comptroller, and the state reporter, as a contracting board, in making a contract for the publication of the reports of the court of appeals. In deciding the case the court used this language: "The remarks already made indicate quite clearly that the action of the defendants was in no sense judicial, and hence not reviewable by certiorari. The defendants were the agents of the state to make a contract. If they have kept within the power and authority granted them by statute, the contract is valid; otherwise it is not binding."
In People v. Walter, 68 N. Y. 410, the court of appeals of that state said: "It is well settled that acertiorari does not *Page 252 
lie to a ministerial officer, and the fact that a public agent exercises judgment and discretion in the performance of his duties does not make his action or powers judicial in their character. The superintendent of the new capitol exercises judgment in the making of contracts, and in performing his many duties, but he does not exercise judicial powers."People v. Supervisors, 25 Hun, 131, is to the same effect.
We have found no cases where the contrary has been decided, although there are cases, both in this court and others, where the point was not made by the attorneys, nor noticed by the court, when, had it been made, it would doubtless have been conclusive. Sadler v. Eureka County, 15 Nev. 39, comes under this head. Such cases are, of course, not decisions upon the question, it not being jurisdictional, and cut no figure in determining it. But should we overrule the objection now that it has been made, it would be, in effect, to decide that the courts, through the writ of certiorari, have a superintending control over the action of every officer in the state to the extent, at least, of determining whether they had authority to act, and of setting aside their action if they did not. It would be a larger task than was intended the courts should undertake.
Upon another ground the court should refuse to entertain the writ in the present case. The necessary parties are not before us, and any decision we might render would really settle nothing. It is a well-known principle that no man's rights can be concluded by a judgment unless he is a party or privy to the action, and has been given his day in court. Neither Torreyson Summerfield nor Washoe county is a party to this proceeding, and the former certainly would not be, and the latter probably would not be, concluded by the decision rendered here. Should the decision here be against the validity of the order made by the board, they could still sue the county upon its agreement, and litigate the whole question over again, and should it be in their favor, it would not preclude the county from doing the same thing. A writ ofcertiorari is not an absolute right — a debt of justice — belonging to a petitioner. It only issues in the discretion of the court, and where such a state of facts as these exist, it should be refused. (People v. Supervisors,34 N. Y. 516; *Page 253 People v. Board Commissioners 97 N. Y. 37; People v. Walter,68 N. Y. 403, 407; Black v. Brinkley, 54 Ark. 372; 4 Ency. Plead. Prac. 183.)
These considerations require the dismissal of the writ and rendered it neither necessary nor proper to pass upon the question of the powers of the board to make the order complained of.
The writ is dismissed.
BELKNAP, J.: I concur.