# THE SUPREME COURT

### OF THE

## STATE OF NEVADA.

## APRIL TERM, 1878.

[No. 869.]

### IN THE MATTER OF THE APPLICATION OF M. J. ROURKE FOR A WRIT OF CERTIORARI.

CERTIORARI—WHEN ISSUED.—The writ of certiorari can only be issued where the inferior tribunal, in the exercise of judicial functions, has exceeded its jurisdiction.

IDEM—JUSTICE OF THE PEACE—ISSUANCE OF EXECUTION A MINISTERIAL ACT.—A justice of the peace, in issuing an execution upon a judgment, acts ministerially, and such act, however erroneous, cannot be reviewed upon certiorari.

APPEAL from the District Court, Third Judicial District, Lyon County.

The facts appear in the opinion.

*Lindsay & Dickson,* for Appellant.

In issuing an execution the justice acted ministerially and not judicially. (27 Cal. 495; 17 Cal. 464.) Certiorari reviews acts of a judicial nature only, not those which are merely ministerial. (4 Cal. 344; 5 Wait's Pr. 459–60; 4 Cowen, 297; 3 Wend. 468–70; 17 Wend. 15; 2 Hill, 9; 5 Barb. 43; 65 Barb. 170.)

*Jno. A. McQuaid, George W. Keith,* and *Ellis & King,* for Respondent.

By the Court, LEONARD, J.:

Petitioner, M. J. Rourke, applied to the third judicial district court for a writ of certiorari. In his petition he stated in substance that, on a prior date, to wit: June 15, 1877, he was served with a summons issued out of the justice's court, Silver City township, in Lyon county, which commanded him to appear before said court, at the time and place stated therein, to answer the complaint of Mark Strouse and C. M. Foster, filed in said court, by which plaintiffs claimed judgment against petitioner for the sum of two hundred dollars, besides costs; that petitioner appeared at the time and place stated in the summons, and remained for more than one hour thereafter; that neither the justice of the peace of said court nor plaintiffs, or either of them, appeared, and that petitioner had no opportunity of appearing in, or defending, said cause; that without notice to him, and about twelve hours after the time stated in the summons, said court rendered judgment against petitioner for two hundred dollars and forty-seven dollars and fifty cents costs of suit; that execution had been issued upon such judgment against him to a constable in Storey county, in this state, who was about to execute the same; that he had been advised by his attorney that said judgment was wholly illegal, and that he had no remedy by appeal therefrom, or any other plain, speedy or adequate remedy at law in the premises. Whereupon the court issued the writ prayed for, and at the proper time the justice of the peace certified to the district court a transcript of the record and proceedings in said cause, and after reviewing the same, "ordered and adjudged that the execution upon said judgment heretofore issued in said action out of said justice's court, to wit: on the twentieth day of June, 1877, directed to the sheriff or any constable of Storey county, be and the same is hereby declared illegal and void, and the same is hereby annulled; that the order made by this court on the twenty-sixth day of June, 1877, staying all proceedings upon said judgment against said petitioner, M. J. Rourke, be rescinded and set aside, and that said peti-

tioner have judgment against A. Tait, justice of the peace of Silver City Township, for his costs in this action, taxed at thirty-four dollars and thirty cents, in United States gold coin."

The justice of the peace, Alexander Tait, appeals from "that portion of the judgment of the district court by which it was adjudged that the writ of execution mentioned by said petitioner in his petition herein, should be withdrawn by the said Alexander .Tait, and that the said petitioner should have and recover from the said Alexander Tait all his costs herein."

The district court sustained the judgment of the justice's court, but held that the issuance of an execution directed to the sheriff or any constable of Storey county, before a transcript of the judgment of the justice's court had been filed and docketed in the office of the clerk of the district court, was illegal, and the execution void.   (Sec. 1618, C. L.)

The conclusion of the court may have been correct, as an abstract legal proposition, but we think a consideration of the validity of the execution, or the legality of its issuance, was not within the scope of the court's inquiry.   The statute provides that "the writ shall be granted in all cases when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer," etc.   It will be seen that the only proceeding that can be reviewed is a judicial proceeding.

*People* v. *Bush*, 40 Cal. 346.   The justice exercised judicial functions in rendering judgment, but as to that proceeding the district court held there was no excess of jurisdiction. But no judicial functions were exercised by the justice when he issued the execution.   It was a mere ministerial act that required the exercise of no judicial functions.

In *Kyle* v. *Evans et al.*, 3 Ala. 482, the court say: * * * "The issuance of an execution upon a judgment is an act purely ministerial in its character; it involves no process of reasoning or deduction from other facts, but is merely the legal consequence of the judgment previously rendered; and therefore this duty is performed by the clerk, when there is one attached to the court.   A justice of the peace

has no clerk, but this does not alter the character of the act; he is both judge and clerk of his own court."

In *Matthews* v. *Houghton*, 11 Me. 301, the court held that "a magistrate does not act judicially in making up and completing his record. In doing this, he performs, himself, what this court does by the agency of its clerk. It is a mere ministerial act." (See *Kelly* v. *Van Austin*, 17 Cal. 565; *Wallace* v. *Eldridge* [No. 1], 27 Cal. 497; *State of Nevada* v. *Cal. M. Co.*, recently decided by this court.)

Section 1280, C. L., provides that "where the execution is against the property of the judgment-debtor, it may be issued to the sheriff of any county in the state."

Section 1618 provides that "the justice, on demand of the party in whose favor judgment is rendered, shall give him a transcript thereof, which may be filed and docketed in the office of the clerk of the district court for the county where the judgment was rendered. The time of the receipt of the transcript by the clerk shall be noted by him thereon, and entered in the docket, and from that time executions may be issued by the clerk on such judgments to the sheriff of any other county in the state, in the same manner as upon judgments recovered in the higher courts."

These sections must be construed together, and it is undoubtedly true that a valid execution to the sheriff of another county can be issued only by the clerk of the district court of the county wherein the judgment was rendered, after a transcript of the judgment has been filed and docketed in his office. But, although the justice had no right or authority to issue an execution to the sheriff of Storey county, it was a mere ministerial act which the district court could not review upon *certiorari*, and in so doing it erred. The only judicial acts performed by the justice were such as the court sustained. Such being the case in the proceedings on *certiorari*, respondent should not have been adjudged to pay the costs.

The portion of the judgment of the district court appealed from is reversed, appellant to recover his costs of appeal.