[No. 1189.]

ESMERALDA COUNTY, PETITIONER, *v.* THE THIRD JUDICIAL DISTRICT COURT ET AL., RESPONDENTS.

CERTIORARI—JUDICIAL OFFICERS—WHAT ACTS CAN BE REVIEWED.—The action of a judicial officer in regard to matters which are exclusively executive or administrative in their nature, even when the act of the legislature requiring such duties to be performed is in violation of the constitutional provision, cannot be reviewed by *certiorari.*

IDEM—JUDICIAL ACTS.—Under the laws of this state, the supreme court is only authorized to review the record and proceedings of inferior courts, officers, or tribunals acting in a judicial capacity and exercising judicial functions.

IDEM—ACT ANNEXING PORTION OF ESMERALDA COUNTY TO LYON COUNTY.—The act required by section 6, Stat. 1883, 99, to be performed by the district judge, in the event of the boards of county commissioners failing to agree, are not of such a judicial nature or character as to authorize the supreme court of the state to review them upon *certiorari.*

*D. J. Lewis,* District Attorney of Esmeralda county, and *Wells & Taylor,* for Petitioner.

*W. E. F. Deal,* for Respondent.

By the Court, HAWLEY, C. J.:

Petitioner claims that the act annexing a portion of Esmeralda county to Lyon county (Stat. 1883, 99) is unconstitutional in this : that it imposes duties upon the district judge, (section 6,) that are not judicial in their nature, in contravention of article III of the state constitution ; that, inasmuch as the boards of county commissioners failed to act within the time prescribed by section 2, the entire pro-

visions of the act are absolutely null and void. Respondents contend that if the acts conferred upon the district judge by the sixth section are not judicial in their nature, they cannot be reviewed by this court in this proceeding. The language of the statute relating to the writ of certiorari is clear and plain, and fully sustains the position contended for by respondents :

"This writ may be granted on application by any court of this state, except a justice's or recorder's or mayor's court. The writ shall be granted in all cases when an inferior tribunal, board, or officer exercising *judicial functions* has exceeded the jurisdiction of such tribunal," etc. (1 Comp. Laws, 1497.)

The act under consideration requires the county of Lyon to assume and pay a portion of the indebtedness of Esmeralda county as a just and fair compensation for the territory detached, and it specifically provides the method by which the amount shall be ascertained. The ascertainment of this amount does not involve any examination or weighing of testimony, or any determination of any principle of law, or the exercise of any discretion or judgment. The act provides that " the county of Lyon shall assume and pay to the county of Esmeralda, as its portion of the debt assumed on the annexation of the territory detached by this act, such an equal and proportionate amount of the indebtedness of Esmeralda county as the taxable property in said detached and annexed territory, as shown by the assessment roll of Esmeralda county for the year 1882, bears to the payment of the entire debt." (Sec. 2.) In performing this duty the district judge was not required to exercise any judicial functions. (*People v. Alameda Co.* 26 Cal. 648.) The duties performed by the district judge in pursuance of the statute did not become judicial acts merely because they were performed by a judicial officer. It has often been decided that the action of a judicial officer in regard to matters which are exclusively executive or legislative in their nature, even when the act of the legislature requiring such duties to be performed is in violation of the constitu-

tional provision, cannot be reviewed by certiorari.. Under the laws of this state, we are only authorized to review the record and proceedings of inferior courts, officers, or tribunals acting in a judicial capacity, and exercising judicial functions.

The acts required to be performed by the district judge, in the event of the boards of county commissioners failing to agree, are not of such a judicial nature or character as to authorize this court to review them upon certiorari. (*People* v. *Board Ed.* 54 Cal. 377 ; *Thompson* v. *Saline Co.*, 45 Mo. 55 ; *People* v. *Supervisors*, 43 Barb. 234 ; *People* v. *Bush*, 40 Cal. 345 ; *Spring Valley W. W.* v. *Bryant*, 52 Cal. 138 ; *In re Rourke*, 13 Nev. 255 ; *People* v. *Walter*, 68 N. Y. 403.)

The writ should therefore be dismissed. It is so ordered.