[No. 1519.]

STATE OF NEVADA, EX REL. A. G. FLETCHER, RELATOR, *v.* R. S. OSBURN, RICHARD RYLAND, S. O. WELLS, W. H. NOYES AND HENRY RUHE, AS THE CITY COUNCIL OF THE CITY OF RENO, RESPONDENTS.

CERTIORARI—FUNCTION OF THE WRIT—CONFINED TO QUESTIONS OF JURISDICTION AND REGULARITY OF PROCEDURE. Under the provisions of General Statutes (1885), sec. 3458, which provides that the writ of *certiorari* "shall be granted in all cases where an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor in the judgment of the court any plain, speedy and adequate remedy," and section 3464, which provides that "the review upon this writ shall not be extended further than to determine whether the inferior tribunal, board or officer, has regularly pursued the authority of such tribunal, board or officer," this court has no power to pass upon the constitutionality of an act incorporating the City of Reno, nor the right of respondents to exercise the functions of city council.

QUO WARRANTO—PROPER REMEDY TO DETERMINE WHETHER BOARDS OR OFFICERS ACT WITHOUT AUTHORITY OF LAW. Under the provisions of an act relating to proceedings in *quo warranto*, General Statutes (1885), secs. 3711, 3724, a private individual may file an information against any "person unlawfully holding or exercising any public office or franchise, * * * or when any persons act as a corporation within this state without being authorized by law, * * * or when they exercise powers not conferred by law," and such a proceeding is the proper remedy to determine questions involving the corporate existence or the constitutionality of an act incorporating a city, or the right to exercise in any manner the functions of city council.

Certiorari—Judicial and Legislative Acts Distinguished. The doctrine is well settled that *certiorari* is the proper remedy by which to review municipal resolutions and ordinances which are judicial in nature, but should never be allowed to review such ordinances or resolutions as are legislative in character.

Idem—Canvass of Election Returns. The determination as to the result of an election by a canvass of the returns by the city council is not a judicial act, but is purely a matter of calculation, and hence cannot be brought up for review upon proceedings in *certiorari.*

Idem—Issuance of Bonds. The determination of a city council to issue bonds in conformity with the result of an election, held in compliance with the act of incorporation of the city, is not a judicial act, and hence cannot be reviewed by *certiorari.*

Application by the State, upon the relation of A. G. Fletcher, against R. S. Osburn, *et al.*, as the City Council of the City of Reno, for a writ of *certiorari* to review the proceedings of the City Council in advertising for bids for the purchase of bonds, etc. Dismissed.

The facts sufficiently appear in the opinion.

*Frank H. Norcross*, for Relator.

*Torreyson & Summerfield*, for Respondents.

*B. F. Curler, amicus curiæ:*

I. By the virtue of the nature of the proceeding, of necessity, the first question involved is: Did the city council, in making the orders of October 25, 1897, exercise judicial functions? for it is only for the exercise of judicial functions that the writ of *certiorari* will lie. (Gen. Stats. sec. 3458; *State, ex rel. Thompson* v. *Co. Com.*, 23 Nev. 247; *Esmeralda County* v. *District Court*, 18 Nev. 438; *In re Rourke*, 13 Nev. 253; 4 Ency. Pl. & Pr. 74.)

II. The exercise of judicial functions is the doing of something in the nature of the action of a court. Judicial action is an adjudication upon the rights of parties who, in general, appear or are brought before the tribunal by notice or process, and upon whose claims some decision or judgment is rendered. (*In re Saline County Subscription*, 45 Mo. 52; *State, ex rel. Thompson*, v. *Co. Com.*, 23 Nev. 247.)

III. The city council, in passing resolutions to provide for raising money upon the credit of the city, for the use of the city, in putting in a water system and electric light plant,

was not acting in a judicial, but in a purely legislative and ministerial capacity. (*People* v. *Supervisors*, 43 Barb. 237; *People* v. *Mayor of New York*, 2 Hill, 10; *In re Mt. Morris Square*, 2 Hill, 14; *People* v. *Board of Education of Oakland*, 54 Cal. 377.)

IV. The action of the city council in canvassing the vote of the special election of October 7, 1897, and passing upon the result of such vote, was not a judicial act in its nature, and cannot be reviewed by a writ of *certiorari*. (*Bouldin* v. *Lockhart*, 3 Baxt. Tenn. 262.)

V. If the city council exceeded the power conferred upon it, the resolutions were simply invalid, and this court in a proceeding in *certiorari*, cannot review them or render any judgment to affirm, reverse or set them aside. (*People* v. *Supervisors*, 43 Barb. 235; *People* v. *Board of Education*, 54 Cal. 377.)

VI. The granting or refusal of the writ of *certiorari* rests in the sound discretion of the court, and will be refused where other adequate remedies are open to the petitioner. (Gen. Stats. sec. 3458; 4 Ency. Pl. & Pr. 50, *et seq.*)

By the Court, MASSEY, J.:

The City of Reno is incorporated under the provisions of that certain act entitled "An act to incorporate the town of Reno," approved March 8, 1897. The respondents were named in the act as constituting the city council for a certain term, at the expiration of which they should be succeeded by members chosen at the general election. Sections 34 and 35 of said act authorize the city council to borrow money or to issue bonds in a limited amount for the purpose of procuring water and the erection of water works for the city, if, upon the submission of a proposition, " a majority of the votes cast of the duly qualified electors residing within the corporate limits of the City of Reno, as shown by the last preceding official registration, are in the affirmative." (Statutes of Nevada, 1897, p. 59.)

In like manner the city council was authorized to borrow money or issue bonds for the purpose of establishing an electric light plant or gas works. (Statutes of Nevada, 1897, p. 60.)

Under the provisions of said sections, an election was held on the 7th day of October, 1897, and a canvass of the votes cast thereat showed a majority in favor of said propositions, and the city council, under the authority of said provisions and the said election, by resolution duly adopted, advertised for bids for the purchase of bonds for the purpose of constructing water works and an electric light plant, and for bids for plans and specifications for the same.

The relator asks us, upon a review of the proceedings, to annul the action of the city council in the premises, assigning as reason therefor the unconstitutionality of the act incorporating the City of Reno, and specifically citing twelve provisions of our constitution whereof the act is violative.

Proceedings in *certiorari* in this state have been regulated by statute. It has been denominated a writ of review. "This writ will be granted on application by any court of this state, except a justice's, or recorder's, or mayor's court; the writ shall be granted in all cases where an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor in the judgment of the court any plain, speedy and adequate remedy." (Gen. Stats. 1885, sec. 3458.)

"The review upon this writ shall not be extended further than to determine whether the inferior tribunal, board or officer has regularly pursued the authority of such tribunal, board or officer." (Gen. Stats. 1885, sec. 3464.)

It will be seen from the above statutory provisions, that the power of the court in this proceeding is limited to a review of those acts only that are judicial in character, and that are in excess of jurisdiction, and then only in case there is no right of appeal, nor in the judgment of the court any plain, speedy and adequate remedy.

This court has repeatedly and uniformly held that the inquiry upon this writ would not be extended further than was necessary to determine whether the inferior tribunal, board or officer has exceeded its jurisdiction or has regularly pursued its authority. (*Phillips* v. *Welch*, 12 Nev. 158.)

The Supreme Court of California under similar statutes has so held, and that court in a recent case, in construing

the two sections of statutes similar to the sections above quoted, held that "the clause in section 1074, 'whether the inferior tribunal had regularly pursued the authority of such tribunal,' is to be construed as the equivalent of the clause 'has exceeded the jurisdiction of such tribunal,' in section 1068." (*Quinchard* v. *The Board of Trustees*, 45 Pac. (Cal.) 856.)

The court in the same case say: "The character of the act or determination sought to be reviewed, rather than the tribunal or officers by which the act or determination is made, is the test for determining whether the writ should be issued."

If, then, we pass upon the constitutionality of the act incorporating the City of Reno, we are not determining whether the city council of that city exceeded its jurisdiction in ordering bonds to be sold for the purposes indicated, and advertising for bids to purchase such bonds, but we are passing upon the right of respondents to exercise the functions of city council and upon the validity of the corporate existence of the City of Reno. This we do not believe we have the power or authority to do under the limitations of the regulative statute above cited. Further, the questions involving the constitutionality of the act incorporating the City of Reno, and involving the corporate existence of that city, and the right of the respondents to exercise in any manner the functions of city council under the act incorporating the city, must and can be determined by another proceeding, plain, speedy and adequate. Under the provisions of an act regulating proceedings in *quo warranto*, approved February 21, 1865, a private individual may file an information against any "person unlawfully holding or exercising any public office or franchise within this state, * * * or when any persons act as a corporation within this state without being authorized by law, * * * or when they exercise powers not conferred by law." (Gen. Stats. 1885, secs. 3711, 3724.)

By the provisions of the same act the form of judgment in such proceedings is indicated, and precedence over all other proceedings, except criminal actions, in order and time of trial, is given. (Gen. Stats. 1885, secs. 3722, 3723, 3736.)

It seems clear to us that the language " or when any per-

sons act as a corporation within this state without being authorized by law," is sufficiently broad to include persons acting as a city board of a municipal corporation without authority of law. If the act incorporating the City of Reno is unconstitutional, as claimed by the relator, then the respondents are acting as a corporation without authority of law, and under the express provisions of the statute *quo warranto* is the proper remedy under which to determine that question.

This position is amply supported by authorities. Under a private law of the State of Illinois, approved February 20, 1861, creating the board of education of the city of Quincy, the exclusive control and management of the public schools of that city were given to that board. The statute revising the law in relation to *quo warranto* provided " that in case any person shall usurp, intrude into or unlawfully hold, or execute any office or franchise, * * * or any association or number of persons shall act within this state as a corporation without being legally incorporated, or any corporation does or omits any act which amounts to a surrender or forfeiture of its rights and privileges as a corporation, or exercises powers not conferred by law, * * * the attorney-general, or state's attorney of the proper county, either of his own accord, or at the instance of an individual relator, may present a petition * * * for leave to file an information in the nature of a *quo warranto*." * * * (Revised Stats. Ill. 1874, p. 787.)

Action was commenced in *quo warranto* against the board of education of the city of Quincy charging that it had exercised certain powers not conferred by law, and the supreme court of that state in passing upon that question say: " The board of education is a corporation created by law, clothed with the exercise of certain powers in relation to the public schools of Quincy. Now, if the board, in the discharge of its duties as a corporation, *exercises powers not conferred by law*, it is apparent that it will fall within the obvious meaning of the statute, unless the plain reading of the statute is to be disregarded. The very gist of the complaint here is that the board of education, a corporation, is exercising powers not conferred by law, unless it had the right to adopt

and enforce the rules set out in the information." Under this reasoning the court held that *quo warranto* was the proper remedy. (*The People, ex rel.* v. *The Board of Education*, 101 Ill. 308.)

The same court, in a proceeding under a petition for a writ of *certiorari*, for the purpose of testing the legality of the organization of a drainage district, after citing the statutory provisions regulating proceedings in *quo warranto*, which we have quoted, say: "If this drainage district was not legally incorporated, here is a complete remedy provided by statute, where the question may be determined and settled in a direct proceeding, and if the petitioner desires to call in question the validity of the organization of the district, he must proceed under this provision of the statute." (*Lees* v. *Drainage Commissioners*, 125 Ill. 47.)

The doctrine laid down by the court in the case last above cited was affirmed in a later case, in which the court say: "That in the case of *Lees* v. *Drainage Commissioners*, 125 Ill. 47, it was expressly held that the common law writ of *certiorari* cannot be resorted to for the purpose of determining whether a corporation has a legal existence, and that the validity of this organization can be questioned only by *quo warranto*." (*The Commissioners* v. *Griffith*, 134 Ill. 330.)

The same court, in *Hinze* v. *The People*, held that *quo warranto* would lie against persons who assumed to hold offices supposed to be created by law, claimed to be invalid by reason of being in contravention of the constitution. (*Hinze* v. *The People*, 92 Ill. 406.)

Numerous other decisions of the same court might be cited in which the same doctrine has been announced, but as that question did not necessarily arise in these cases, it cannot be said to have been decided. It will be observed from a comparison of the Illinois statute regulating proceedings in *quo warranto* and of our statute upon the same subject, that, upon the question under consideration, they are practically the same, and the reasoning of the Illinois court is conclusive.

Under the authorities above cited and the provisions of our statute regulating and limiting the power of the court in *certiorari*, and regulating proceedings in *quo warranto*, we are clearly of the opinion that this court cannot determine the

question of the validity of the incorporation of the City of
Reno under the act passed for that purpose, and any opinion
in this proceeding upon the constitutionality of that act,
under the assignments made, would be the merest *dictum*.

Only one other question remains to be determined, which
involves the construction of that clause of section 34 of the
act incorporating the City of Reno, in which the following
language is used: "If a majority of the votes cast of the
duly qualified electors residing within the corporate limits of
the City of Reno, as shown by the last preceding official
registration, are in the affirmative, the city council may
borrow the money or issue the proposed bonds." * * *
It is admitted by the relator that a majority of the votes
cast at the election held on the 7th day of October, 1897,
was in the affirmative, but it is contended that a majority
of the votes shown by the last preceding official registration
was not cast in favor of the proposition, hence the subsequent
action of the city council in the premises is without authority
and void.

The objection is made that the city council in making its
order and adopting the resolution did not exercise judicial
functions, but acted in a legislative or ministerial capacity,
and that under the statute limiting the power of the court to
review the proceedings of such inferior tribunals as exercise
judicial functions only, we have no power or authority to
annul such proceedings in *certiorari*.

The determination of the question whether an act is judi-
cial, ministerial, legislative or administrative, must depend
upon the act and the manner and method of its exercise.
Judicial officers are sometimes required to perform purely
ministerial acts, and boards, tribunals and ministerial offi-
cers, created for the purpose of performing ministerial, legis-
lative or administrative functions, are often required to
exercise acts judicial in character. The doctrine is well
settled that *certiorari* is the proper remedy by which to
review municipal resolutions and ordinances which are judi-
cial in nature, but should never be allowed to review such
ordinances or resolutions as are legislative in character.
(Ency. Pleading and Practice, vol. 4, p. 84; *Robinson* v.
*Supervisors*, 16 Cal. 208; *Esmeralda County* v. *District Court*,

18 Nev. 438; *Commissioners* v. *Griffin et al.*, 134 Ill. 330; *Quinchard* v. *Board, etc.*, 45 Pac. (Cal.) 856; *State, ex rel. Thompson, et al.*, v. *The Board*, 23 Nev. 247; *In re Saline County*, 45 Mo. 52; *Bouldin et al.*, v. *Lockhart*, 3 Baxter (Tenn.) 262.)

The action of *Esmeralda County* v. *The Board, supra*, was in *certiorari* to review the proceedings of the district court. Under the act annexing a portion of Esmeralda county to Lyon county, Lyon county was required to assume and pay to Esmeralda county, as its portion of the debt assumed on the annexation of the territory detached by the act, such an equal proportionate amount of the indebtedness of Esmeralda county as the taxable property in the annexed territory, as shown by the assessment roll, bears to the payment of the entire debt, and upon certain contingencies the district court was required to ascertain this amount. This court held that the acts required to be performed by the district judge were not judicial and could not be reviewed in *certiorari*.

The Supreme Court of Missouri, *In re Saline County*, held that the proceeding in *certiorari* would not lie to review the action of the county court in subscribing to railroad stock and issuing bonds for the payment thereof under a statute authorizing the action, upon a majority vote of the taxable inhabitants of the county, as such action was not judicial.

The Supreme Court of Tennessee in *Bouldin et al.* v. *Lockhart, supra*, held that the powers granted the county court to count and declare the result of the votes cast in any county for the removal of the county seat were not judicial and not reviewable in *certiorari*. This matter was fully discussed by this court in *The State, ex rel. Thompson, et al.*, v. *The Board, supra*, and from the reasoning in that case and the authorities therein cited, we must hold that the action of the city council of the City of Reno in the premises, under the act of incorporation, is not judicial and cannot be reviewed in this proceeding. The determination as to whether a majority of the votes cast at the election held on the 7th of October, 1897, from a canvass of the returns thereof, was purely a matter of calculation, and did not require the exercise of judicial functions. The determination of the city council to issue bonds for the purpose of constructing water works and

an electric light plant, while requiring the exercise of discretion and good judgment, was not judicial—no disputed fact was to be determined, no parties were required, but such determination was the exercise of a legislative power conferred by the act incorporating the city.

We must conclude that the proceeding in *certiorari* concedes the valid existence of the City of Reno, and only allows an inquiry as to any excess of jurisdiction in those matters that are judicial in character; that the orders and resolutions and ordinances of the city council of that city that are not of a judicial character can only be reviewed in a proceeding in *quo warranto* under that clause of our statute that confers authority upon the court to make such review where the city has exercised powers not conferred by law. Therefore, we have no authority to pass upon the constitutionality of the act of the incorporation, nor can we annul the proceedings of the city council. All questions as to the constitutionality of the act, and all questions as to the exercise of powers not conferred by law, can be determined in the same proceeding. We fully realize the great importance of the many questions submitted, and for that reason are unwilling to give an opinion upon the merits of those questions in an action where such an opinion may be regarded as mere *dictum*.

We have carefully considered the merits of all matters submitted in this proceeding, and are prepared to speedily determine the same in the proper action.

Let the writ be dismissed.