[No. 1595.]

THE SOUTHERN DEVELOPMENT COMPANY OF NEVADA, a Corporation, Petitioner, *v.* W. J. DOUGLASS, et al., Constituting the Board of County Commissioners of Esmeralda County, Respondents.

Certiorari—County Commissioners—Lease of Toll Road. County commissioners made an order granting a lease to the proprietors of a toll road, in accordance with Comp. Laws, 459, authorizing such a lease when the franchise expired; but the proprietors did not then accept its conditions, or agree to perform them, and the board subsequently refused to execute a lease submitted for that purpose, and later made an order rescinding its original order therefor: *Held*, that in making the later order the board did not exercise judicial functions, and hence *certiorari* would not lie to set the same aside.

Idem—Idem—Idem. If the proprietors obtained any right under the original order, and the subsequent order infringed the same, *certiorari* is not a remedy therefor.

Original proceeding. *Certiorari* by The Southern Development Company, a Corporation, against W. J. Douglass and others, constituting the Board of County Commissioners of Esmeralda County. **Writ dismissed.**

*M. A. Murphy*, for Petitioner:

I. The questions that are presented by this writ and to be

considered by this court are: What is the character of the action that is to be exercised under the provisions of Section 459 of the Compiled Laws? Is it legislative, ministerial, or judicial, and when the power has been once exercised, can it be reversed, reviewed, or reconsidered and annulled by the board until such time as the term therein specified has expired? We claim that the action of the board of county commissioners, in making and entering the order of the 5th day of December, 1899, was in its nature judicial. By judicial action is meant, in legal understanding, that sort of action which requires the exercise of judgment or discretion, by one or more persons, or by a corporate body, when acting as public officers, in an official character, as shall seem to them to be equitable and just. Have the boards of county commissioners, being a body of inferior and limited jurisdiction, who derive their power from the statute, the authority to reconsider, to review, reverse, and annul their own action, after it has been discussed, entered in the proceedings, said proceedings having been entered in the minutes of the board, and signed by the presiding officer? If they do not possess this power, then the order made on the 5th day of December, 1899, by the unanimous consent of every member of the board, is still in force, and the order made on the 1st day of October, 1900, is absolutely null and void. (Am. & Eng. Ency. Law, 2d ed. vol. 7, 1007; *People* v. *Supervisors of Schenectady*, 35 Barb. 408; *State* v. *Darke County*, 43 Oh. St. 311; *State ex rel. Flowers* v. *Board of Education*, 35 Oh. St. 368; *Hanna* v. *Putnam Co.*, 29 Ind. 170; *Delaware County Supervisors* v. *Foote*, 9 Hun, 527; *Wren* v. *Fargo*, 2 Or. 19.)

II. "Where a board of county commissioners is clothed by law with exclusive jurisdiction over roads and highways, its judgments and orders are final and conclusive upon the board, the parties in interest, and third parties." (*Humboldt Co.* v. *Dinsmore*, 75 Cal. 607; Am. & Eng. Ency. Law, 2d ed. 1009; *Miller et al.* v. *Bd. Co. Commrs. of Carroll Co. et al.*, 89 Ind. 14; *Waugh* v. *Chauncey*, 13 Cal. 11; *Brewer* v. *Boston R. Co.*, 113 Mass. 52; 7 Am. & Eng. Ency. Law, 1008; Indiana cases, *ibid.*; *Heazy* v. *Black et al.*, 90 Ind. 334; *Howard* v. *Brow*, 37 Neb. 905.)

III. "Having shown from the foregoing authorities that

the subject matter under investigation was judicial in its character, and the board of commissioners having, in due course, acted as the statute required, upon the statement, the board exhausted its powers, and could not, after the close of the term at which it had been made, as such an order is a judicial act." ( *Weir* v. *The State*, 96 Ind. 311; *Board of Co. Commrs. Cass Co.* v. *Gogansport Co.*, 88 Ind. 199; *Graham* v. *Parham*, 32 Ark. 676; *Dorsey* v. *Berry*, 24 Cal. 453; *People* v. *Board of Supervisors*, 35 Barb. 418; *People* v. *Delaware Com. Pleas*, 18 Wend. 558; *Winter* v. *Fitzpatrick*, 35 Cal. 269; *O'Connor* v. *Blake*, 29 Cal. 316; *Harris* v. *Board of Supervisors*, 49 Cal. 662; *In the Matter of Canal Street*, 11 Wend. 154; *In the Matter of Mount Morris Square*, 2 Hill. 19, *Pettee* v. *Elvira P. Wilmarth*, 5 Allen, 144; *McFarland* v. *McCowen*, 98 Cal. 331.)

*G. S. Green*, District Attorney, for Respondent:

I. The writ does not lie to review the action of any tribunal, board or officer in the exercise of *legislative* functions. (*State* v. *Osborn*, 24 Nev. 194, and cases cited; *People* v. *Board of Education of Oakland*, 54 Cal. 375.) The fact that a tribunal or officer exercises judgment or discretion in the performance of a duty does not make the action or power judicial in character. (*People* v. *Walter*, 68 N. Y. 403; *McCord* v. *High*, 24 Iowa, 336; 4 Ency. Pl. & Pr. 78.)

II. "The principle is uncontroverted that *certiorari* does not lie to review matters or proceedings of inferior tribunals, boards, officers, etc., in the proper exercise of discretion confided in them." (*State* v. *Bassett*, 33 N. J. L. 226; *State* v. *Trinity Church*, 45 N. J. L. 230; *Parcel* v. *State*, 30 N. J. L. 363; *State* v. *Pierson*, 37 N. J. L. 530; *Alexander* v. *Municipal City*, 66 Cal. 387; *Hayward* v. *Petitioner*, 10 Pick. (Mass.) 358; *Sannis* v. *Brice*, 4 Den. (N. Y.) 576; *People* v. *Board of Police*, 6 Hun, 229, 52 How. Pr. (N. Y.) 289; *People* v. *Fire Commrs.*, 100 N. Y. 82; *Burrow* v. *Senickley*, 36 Pa. St. 80; *Polk Co.* v. *Des Moines*, 70 Iowa, 351; *Midland Co.* v. *Auditor-Gen.*, 27 Mich. 165; 4 Ency. Pl. & Pr. 81, note 4; *Freeman* v. *School Directors*, 37 Pa. St. 385.)

By the Court, Bonnifield, C. J.:

In the year 1881 or 1882 the petitioner constructed the

Walker Lake and Bodie toll road, situated in Esmeralda county, and continued from that date up to a recent period to operate the same, and collect tolls thereon.

The petitioner's franchise expired in 1891 or 1892 by limitation. (Section 454, Comp. Laws.) Upon the expiration of the franchise, the ownership of said road, with all the rights and privileges theretofore belonging to the same, vested in Esmeralda county (Section 459, Comp. Laws); and the county commissioners were authorized by said last section to declare said road a free highway, "*provided*, that in all cases falling within this section, the county commissioners of the proper county may give a lease at a nominal rental of any such road whereon tolls are now collected   *   *   *   to the proprietors   *   *   *   for a term not to exceed five years, giving to such lessees the right to collect tolls on such road."
*   *   *   (Section 459.)

On December 4, 1899, the petitioner made application to said board for a lease of said toll road for the period of five years, with the privilege of collecting tolls thereon.

On the next day, December 5th, the board "ordered that a lease be, and the same is hereby, granted to the Southern Development Company for a period of five years, commencing January 1, 1900,   *   *   *   upon the following conditions:   *   *   *." The conditions were to be performed by the petitioner.

On the 3d day of February, 1900, the petitioner presented to the board for execution a written lease of said road for the above-named term. Subsequently the board rejected and refused to execute the lease, and notified the petitioner thereof.

At a later date, on the 1st day of October, 1900, the board ordered that the action of the board of December 5, 1899, granting the Southern Development Company a lease of the Walker Lake and Bodie toll road for the period of five years, commencing January 1, 1900, "be, and the same is hereby, rescinded."

The contention of the petitioner is that the action of the board in making and entering the order of December 5, 1899, was in its nature judicial, and that the board exceeded its authority in rescinding said order by the order made on the

1st day of October, 1900, and we are asked to set aside the latter order. Unless the board in making the order complained of was exercising judicial functions, the writ of *certiorari* will not lie. (Section 3531, Comp. Laws.) This rule is conceded by petitioner.

The order of December 5, 1899, was not a lease in contemplation of the parties, but a promise or agreement on the part of the board to lease the road on certain conditions. The petitioner did not then accept the conditions, or agree to perform them, so far as the record shows. It was so understood evidently by the petitioner that it was not a lease, or it would not have subsequently prepared and submitted to the board the written lease for execution. After said promise or agreement to lease was made, the board refused to execute the lease, and, as stated above, made the order vacating or rescinding the said former order made December 5, 1899.

We are of opinion that even if the board had no authority to make the order of said date, October 1, 1900, the order cannot be set aside in this proceeding, as in making the order the board did not exercise judicial functions; neither was the order which was vacated a judicial act. If the petitioner acquired any legal right under the order of December 5, 1899, it cannot enforce it by writ of *certiorari*. If the order made October 1, 1900, infringed any such right of petitioner, its remedy is not by writ of *certiorari*. The writ will not lie to compel the performance of the promise or agreement made by the board, or to set aside its order revoking said promise or agreement.

The writ is dismissed.