[No. 2486]

CHARLES DEGIOVANNI, L. PROSOLE, JOHN
PECETTI, PIETRO QUILLICI, LOUIS GAR-
DELLI, LASSARO CERVERI, A. PINCOLINI,
S. GARAVANTA, H. BERSANI, JOHN PRO-
SOLE, JOHN B. PECETTI, JULIUS LOMBARDI,
DOMINICK CERFOGLIO, PETER CERFOGLIO,
PICETTI LORENZO, MARTIN AQUERRELIARE,
JERRY ZOLEZZI, GANDOLFO PIETRO, CHAS.
DONDERO, J. H. SMITH, G. MARCHI, B.
CAPURRO, RICK DE BERNARDI, and C. ELGES,
Petitioners, v. PUBLIC SERVICE COMMISSION
OF NEVADA, and THE STEAMBOAT CANAL
AND IRRIGATION COMPANY (a Corporation),
Respondents.

[197 Pac. 582]

1. CERTIORARI—WRIT APPLICABLE ONLY TO REVIEW JUDICIAL ACTION.
    Under Rev. Laws, 5684, the scope of a writ of certiorari
    extends only to review the judicial action of an inferior tri-
    bunal, board, or officer in excess of jurisdiction.

2. WATERS AND WATERCOURSES — ESTABLISHMENT OF RATES FOR
    IRRIGATION COMPANY NOT JUDICIAL ACTION.
    The establishment by the Public Service Commission of rates
    for an irrigation company is an exercise, not of judicial, but
    of legislative, power, and so certiorari does not lie to review
    an order establishing rates, though claimed to be in excess
    of jurisdiction.

3. WATER AND WATERCOURSES—RETROACTIVE ESTABLISHMENT OF
    RATE DOES NOT WARRANT CERTIORARI ON GROUND THAT IT
    WAS JUDICIAL ACTION.
    As the establishment of irrigation rates is a legislative
    action, the retroactive establishment of such rates, though in
    excess of the power of the Public Service Commission, does not
    convert the action into judicial action so as to make applicable
    certiorari.

4. CERTIORARI — WRIT WILL NOT LIE MERELY BECAUSE THERE IS
    NO OTHER ADEQUATE REMEDY.
    Certiorari will not lie merely because there is no other
    adequate or speedy remedy by which to review the proceed-
    ings, where it is otherwise not a proper case for the writ, as
    when the proceedings are not judicial in their nature.

5. WATERS AND WATERCOURSES—WHERE THE RETROACTIVE ESTAB-
    LISHMENT OF RATES IS INVALID, SUCH ACT MAY BE URGED AS
    DEFENSE.
    Where the act of the Public Service Commission in making
    retroactive an order establishing irrigation rates was invalid,

the want of jurisdiction and nullity of the order is a good defense pro tanto to an action for water rates, and so affords a plain, speedy, and adequate remedy to the landowner.

PETITION by Charles Degiovanni and others for writ of certiorari to be directed to the Public Service Commission of Nevada and the Steamboat Canal and Irrigation company, a corporation. **Writ dismissed.**

*Sardis Summerfield,* for Petitioners:

In fixing rates upon complaint against schedule filed by a public utility, the Public Service Commission exercises judicial functions. In every essential particular, in disposing of rate and regulation contests before it, it is a court of statutorily limited jurisdiction. There is no appeal from its order. Stats. 1919, sec. 33; Garson v. Steamboat Canal Co., 43 Nev. 319.

Certiorari is the proper remedy. There is no plain, speedy, and adequate remedy other than by certiorari. 6 Cyc. 770; Keys v. Marin Co., 42 Cal. 252; Miller v. Sacramento Co., 25 Cal. 94; Emery v. Bradford, 29 Cal. 85; State v. Washoe Co., 14 Nev. 66; Merrick v. Arbela, 41 Mich. 630; Herrick v. Carpenter, 54 Iowa, 340; Shields v. Patterson, 55 N. J. L. 495; Macon v. Shaw, 16 Ga. 172; Miller v. School Trustees, 88 Ill. 26.

Respondent exceeded its jurisdiction in making an order to operate retrospectively. This court will not look more favorably upon an attempt to sustain an attempted retroactive order of the Public Service Commission, a tribunal of statutory origin only, than it would in the operation of a statute. "As a general rule, a statute will not be construed to operate upon past transactions, but in futuro only." Retrospective legislation is not favored.

*Hoyt, Norcross, Thatcher, Woodburn & Henley,* for Respondent:

Even if respondent acted beyond its powers, its act cannot be reviewed by certiorari. In order to justify the issuance of the writ, the following elements must

concur: The action sought to be reviewed must be judicial in character, there must be no appeal, and in the judgment of the court no plain, speedy, and adequate remedy. These elements are not present in this proceeding. Respondent was not acting judicially in making the order in controversy. It was one regulating and fixing rates, and this is a legislative and not a judicial function. S. C. & I. Co. v. Garson, 185 Pac. 801; S. P. Co. v. Colo. F. & I. Co., 101 Fed. 779; S. P. Co. v. Bartine, 170 Fed. 725; Esmeralda County v. District Court, 18 Nev. 438; S. P. Co. v. Campbell, 230 U. S. 537; Simpson v. Shepard, 57 L. Ed. 1511; Nebraska T. Co. v. State, 45 L. R. A. 113; P. P. Car Co. v. Mo. Pac. Ry. Co., 29 L. Ed. 499.

The writ will not lie to review an order made in the exercise of legislative and not judicial powers. The mere fact that there was error in judgment in the making of the order will not justify the issuance of the writ. State v. Washoe County, 23 Nev. 247; State v. Osborn, 24 Nev. 187; Chapman v. Justice Court, 29 Nev. 154. The writ will not issue for the purpose of correcting errors. State v. District Court, 16 Nev. 76; State v. District Court, 23 Nev. 243.

Certiorari will not lie, petitioners having a plain, speedy and adequate remedy. Stats: 1919, sec. 33; 11 C. J. 111; State v. White Pine Co., 31 Nev. 113; State v. Washoe County, 14 Nev. 66; Lake v. Washoe County, 14 Nev. 140.

By the Court, DUCKER, J.:

The petitioners are engaged in farming lands irrigated by waters diverted solely from the Truckee River and delivered to them through the Steamboat canal, owned and operated by the Steamboat Canal and Irrigation Company, one of the respondents.

On the 27th day of February, 1920, and before the commencement of the irrigation season, the respondent company filed with the respondent Public Service Commission of Nevada a schedule of rates to be by it charged

against petitioners and others for water for the year
1920, and thereafter at the rate of $14 an inch, one-half
thereof to be payable on April 15 of each year and the
other one-half on November 15 of each year.

On March 19, 1920, the petitioners and others filed
with the Public Service Commission a protest against
the rate. Thereupon the commission suspended the
proposed rate, and after a hearing of all the evidence
submitted to it and a consideration thereof, on Novem-
ber 27, 1920, and after the irrigation season for the year
1920, had closed, made and entered the following order:

"Ordered: That the rate of fourteen ($14) dollars
per inch filed with this commission by the Steamboat
Canal Company for irrigation service for the season of
1920 is hereby disapproved and the application thereof
denied, on the ground that it is unjust, unreasonable
and excessive; and, it is further ordered, that the
Steamboat Canal Company shall file with this commis-
sion a rate of $9 per inch, which is hereby found to be
the just and reasonable rate to be charged for irrigation
service for the irrigation season of 1920 and each
succeeding year, or until changed or modified by the
commission."

Prior to the making and entering of the foregoing
order, the Steamboat Canal Company, the predecessor
in interest of the respondent, Steamboat Canal and Irri-
gation Company, filed with said Public Service Com-
mission, on the 28th day of May, 1918, a schedule of
proposed rates to be by it charged to and collected from
petitioners and others for water to be delivered by it
to petitioners, of $10 per inch. The Public Service
Commission, under the authority given it by statute,
suspended the proposed rates, and on June 15, 1918,
petitioners and others filed with the commission a com-
plaint against the proposed rate of $10 and after a hear-
ing the commission, on December 14, 1918, ordered that
the application for a rate of $10 per inch be denied, and
further ordered that the Steamboat Canal Company
make a charge of $7.50 per inch for water for irrigation

purposes for the irrigation season of 1918 and each successive year, unless otherwise ordered by the commission; and providing that when prepayment for said season of 1918, or any succeeding season should be made on or before June 1 of that year, the charge should be $7.25 per inch for water for irrigation purposes.

The respondent, Steamboat Canal and Irrigation Company, or its predecessor in interest, did not file with the commission any further schedule of rates until the 27th day of February, 1920, and the order of December 14, 1918, remained unchanged until the commission made its order of November 27, 1920.

To the petition showing the foregoing facts, the respondents filed separate demurrers, and also moved to dismiss the proceedings.

It is contended by counsel for petitioners that the Public Service Commission in making and entering said order of November 27, 1920, exceeded its jurisdiction in the exercise of a judicial function . in making the order retroactive so as to embrace within its operation the irrigation season of the year 1920, which irrigation season had closed at the time of the making and entering of said order; that petitioners have no right of appeal from said order; that they have no plain, speedy, or adequate remedy at law. We are of the opinion that the petition does not present a proper case for the issuance of a writ of certiorari, and that the motions to dismiss must be granted.

1.  It is the law of this state, established by statute and recognized by the decisions of this court, that the scope of the writ of certiorari extends only to review the judicial action of an inferior tribunal, board or officer, done in excess of its jurisdiction. Rev. Laws, 5684; In Re Rourke, 13 Nev. 253; Esmeralda County v. District Court, 18 Nev. 438, 5 Pac. 64; State v. Washoe County Commissioners, 23 Nev. 247, 45 Pac. 529; State v. Osborn, 24 Nev. 187, 51 Pac. 837; State v. White Pine County, 31 Nev. 113, 101 Pac. 104.

2.  Consequently, then, however far the commission

may have exceeded its power in making the order of November 27, 1920, establishing the rate which the respondent company could charge for its service, the act must have been a judicial one before the writ can issue. Was it of this nature? The authorities of this and other jurisdictions are uniform in holding that the power to regulate and establish rates which a public service corporation .may lawfully charge for its service, is a legislative power. Garson v. Steamboat Canal Co., 43 Nev. 298, 185 Pac. 801, 1119; Nebraska Tel. Co. v. State, 55 Neb. 627, 76 N. W. 171, 45 L. R. A. 113; Southern Pacific Co. v. Bartine (C. C.) 170 Fed. 725; Southern Pacific Co. v. Campbell, 230 U. S. 537, 33 Sup. Ct. 1027, 57 L. Ed. 1610; the Minnesota Rate Cases, 230 U. S. 352, 33 Sup. Ct. 729, 57 L. Ed. 1511, 48 L. R. A. (N. S.) 1151, Ann. Cas. 1916A, 18; Prentis v. Atlantic Coast Line Co., 211 U. S. 210; 29 Sup. Ct. 67, 53 L. Ed. 150; McChord v. Louisville & Nashville Railroad Company, 183 U. S. 483, 22 Sup. Ct. 165, 46 L. Ed. 289; Chicago, etc., Railway Co. v. Wellman, 143 U. S. 339, 12 Sup. Ct. 400, 36 L. Ed. 176; 10 Corpus Juris, 406.

"The power to make rates is legislative rather than judicial." 4 R. C. L. p. 608.

"The history of the legislation of the entire country," said the court in Nebraska Tel. Co. v. State, supra, "shows that the power to determine what compensation public service corporations may demand for their services is a legislative function and not a judicial one."

3. But counsel for petitioners insist that the commission acted judicially, not in naming the amount of the rate and its future operation, but in making its order retroactive so as to include the irrigation season of the year 1920. We are unable to perceive how a power, legislative in kind, becomes ipso facto judicial, because it is attempted to be exercised in retrospect. The commission may have been mistaken as to the extent of its authority, but it did not attempt to exercise power of a different nature than that conferred upon it

by the legislature. After all is said, the commission merely fixed a rate. It was no more an act judicial in its nature than if the legislature itself had fixed the amount of the rate and given it retroactive operation. The power of the legislature to enact laws of retrospective operation in certain classes of legislation is unquestioned, but it is not construed to be a judicial power in this respect.

4. In making the order operative for the irrigation season of 1920 the commission fixed a rate for service already rendered by the respondent company, it is true, but in doing so it did not interpret and apply any existing laws to accomplish the result. The inquiry was as to what should be the rule of compensation for such service, and the commission proceeded no further than to establish such rule. We cannot declare this to be the exercise of judicial power. If the commission exceeded its jurisdiction in attempting to make rates operative for the irrigation season of 1920, that part of the order at least is invalid, but this alone furnishes no ground for the issuance of the writ, even though, as petitioners contend, there is no other plain, speedy, and adequate remedy.

"Certiorari will not lie merely because there is no other adequate or speedy remedy by which to review the proceedings, where it is otherwise not a proper case for the writ, as when the proceedings are not judicial in their nature." 11 C. J. 101; State v. Clough, 64 Minn. 378, 67 N. W. 202.

5. However, we do not deem it improper to observe that if petitioners have no available remedy by virtue of section 33 of the Public Utility Act of 1919 (Stats. 1919, c. 109) or in equity, as they contend, and the order of the commission is null and void for want of jurisdiction, they have a good defense pro tanto in an action for the collection of the rate. Such a defense in a case of this kind where no right can be lost or injury result in the meantime, must be held to constitute a plain, speedy, and adequate remedy. State v. Washoe

County, 14 Nev. 140; Quinchard v. Board of Trustees, 113 Cal. 664–668, 45 Pac. 856.

The application for the writ must be dismissed, and it is so ordered.