STATE OF NEVADA, ON THE RELATION OF LEROY CASADY, LEE MAESTRETTI AND FRANCIS ESCOBAR, RELATORS AND PETITIONERS, *v.* EDWIN T. LAURITZEN, CHARLES L. CALDWELL AND GEORGE A. McGUINNESS CONSTITUTING THE BOARD OF COUNTY COMMISSIONERS OF LANDER COUNTY, NEVADA, RESPONDENTS.

No. 3767

September 9, 1953.        260 P.2d 783.

See also, 70 Nev. 136, 261 P.2d 145.

*Ernest S. Brown,* of Reno, for Relators and Petitioners.

*John F. Sexton,* District Attorney, Lander County, and *Castle & Puccinelli,* of Elko, for Respondents.

## OPINION

*Per Curiam:*

This is an original proceeding in certiorari to review action of the Board of County Commissioners of Lander County in calling a special election to determine the location of the county seat of that county. A writ of certiorari upon petition of the relators was issued by this court July 24, 1953. The answer of the respondents challenges the propriety of the writ. In our view their position is well taken and the writ must be quashed.

Relators contend that the board exceeded its statutory authority to call the election in two respects: first, that an insufficient number of taxpaying electors had petitioned for the holding of the election; second, that the election was not called within the time prescribed by law. Pertinent statutory provisions are contained in an act providing for the removal of county seats and permanent location of the same, enacted in 1877, secs. 1924–1928, N.C.L.1929.

While grave questions are thus raised reflecting upon the validity of the action taken by the board and upon any election which might be based thereon, in our view the case of State ex rel. Kaufman v. Martin, 31 Nev. 493, 103 P. 840, is controlling. Considering the same statute here confronting us (the pertinent provisions of which are there set forth) this court there clearly held that a board of county commissioners in determining the number of petitioning taxpayer electors and in calling an election under the statute, acted ministerially and not judicially. Under these circumstances, as this court repeatedly has held, certiorari will not lie to review the

action of respondents. In re Rourke, 13 Nev. 253; State ex rel. Esmeralda County v. Dist. Court, 18 Nev. 438, 5 P. 64; State ex rel. Thompson v. Board of Commissioners of Washoe County, 23 Nev. 247, 45 P. 529; State ex rel. Fletcher v. Osburn, 24 Nev. 187, 51 P. 837; Southern Development Company v. Douglass, 26 Nev. 50, 63 P. 38; State ex rel. Murphy v. White Pine County, 31 Nev. 113, 101 P. 104; Degiovanni v. Public Service Commission, 45 Nev. 74, 197 P. 582; State ex rel. Fall v. Kelso, 46 Nev. 128, 208 P. 424.

Effective as of this date it is ordered that the writ of certiorari heretofore issued in this matter be and the same hereby is quashed and set aside and these proceedings dismissed.

Dated: September 9, 1953.